FIREMEN'S INSURANCE COMPANY v. DAVIS.

Opinion delivered October 29, 1917.

1. FIRE INSURANCE—LOSS—ARBITRATION.—A clause in a fire insurance policy, requiring the submission to arbitration of a question of law, is void; but a clause which requires arbitration to determine the amount of loss, is valid, because it only involves an agreement to submit to the arbitrators a question of fact.

2. FIRE INSURANCE—POLICE REGULATION.—The fire insurance business is a proper subject for the exercise of the police power of the State.

Appeal from Garland Circuit court; *Scott Wood,* Judge; affirmed.

*J. A. Watkins,* for appellant.

1. The conditions of the policy as to an appraisement were not complied with and there can be no recovery. 15 L. R. A. (N. S.) 1055, 1061-2-3, 1069; 50 N. E. 805; 73 N. W. 594; 94 *Id.* 458; 76 *Id.* 72; 50 Atl. 282; 61 N. W. 67; 50 N. E. 943; 69 Mo. App. 232; 61 S. W. 787.

2. The clause in the policy as to appraisement is not contrary to Kirby's Digest, § 4382, nor void. 107 N. W. 59. Such stipulations are valid. 5 H. S. Cases, 811; 136 U. S. 242; 50 N. Y. 250; 62 N. W. 422; 28 L. R. A. 405; 5 Pac. 232; 42 Minn. 315; 44 N. W. 252.

3. The complaint is defective because it does not allege that the amount of loss had been determined either by agreement or appraisement. Plaintiff must show *prima facie* an obligation and default. 20 Minn. 370; 28 Ind. App. 418; 44 Cal. 264; 50 Minn. 297; 51 Wis. 605; 67 Fed. 483; 61 L. R. A. 137, 140.

The suit was prematurely brought and the verdict is excessive.

*George P. Whittington,* for appellees.

1. The clause in the policy is contrary to Kirby's Digest, § 4382. It deprives the insured of the right to trial by jury of a question of fact. It is a valid exercise of the police power of the State. 86 Ark. 115, 121-5, etc. See also 94 Ark. 599-610.

2.  No demand for appraisal was made by appellant. 19 Cyc. 876; 64 Ill. 265; 10 Mont. 368; 25 Pac. 953; 60 Oh. St. 513; 50 L. R. A. 555, etc.

3.  The verdict is sustained by the evidence and is not excessive.

HART, J.    S. J. and M. A. Davis sued the Firemen's Insurance Company of Newark, New Jersey, to recover on a policy of fire insurance.  On the 20th day of August, 1914, the defendant issued a policy of fire insurance to the plaintiffs, insuring their piano situated in a certain dwelling in the city of Hot Springs, Arkansas, against loss by fire in the sum of $400 for the period of one year.  On the 18th day of March, 1915, the building in which the piano was situated was destroyed by fire and the piano was greatly damaged by the fire.

The defense of the company was that the plaintiffs had failed to comply with certain provisions of the policy, as follows: ''This company shall not be liable beyond the actual cash value of the property at the time any loss or damage occurs, and the loss or damage shall be ascertained or estimated according to such actual cash value, with proper deduction for depreciation, however caused, and shall in no event exceed what it would then cost the insured to repair or replace the same with material of like kind and quality; said ascertainment, or estimate shall be made by the insured and this company, or, if they differ, then by appraisers, as hereinafter provided; and, the amount of loss or damage having been thus determined, the sum for which this company is liable pursuant to this policy, shall be payable sixty days after due notice, ascertainment, estimate and satisfactory proof of the loss have been received by this company in accordance with the terms of this policy.''

''* * * No suit or action on this policy, for the recovery of any claim, shall be sustainable in any court of law or equity until after full compliance by the assured with all the foregoing requirements, nor unless commenced within two years next after the fire.''

The only issue of fact raised by the pleadings in this case was as to the amount of the loss suffered by the plaintiffs. It was the contention of the defendant that it was not liable because the plaintiffs had not complied with the conditions of the policy in regard to arbitration under the clause of the policy above stated and referred to.

It is contended by counsel for the defendant that the clause in the policy in regard to appraisement is a condition precedent to plaintiff's right of recovery.

On the other hand, it is the contention of counsel for the plaintiffs that this clause of the policy is contrary to section 4382 of Kirby's Digest and is therefore void. The section is as follows: "No policy of insurance shall contain any condition, provision or agreement which shall directly or indirectly deprive the insured or beneficiary of the right to trial by jury on any question of fact arising under such policy, and all such provisions, conditions or agreements shall be void."

(1) It has been held that a general covenant in a fire insurance policy to arbitrate all matters in dispute is invalid as ousting the courts of their jurisdiction, but that such a clause is a reasonable method of estimating and ascertaining the amount of loss or damage in case of disagreement as to such loss or damage and that such a clause may be made a condition precedent to the commencement of a suit upon the policy. See the case note to 15 L. R. A. (N. S.) 1055. The effect of the holding of the courts in this regard is that a clause which requires an arbitration to submit to the arbitrators a question of law is void because it ousts the courts of their jurisdiction; but that a clause which requires arbitration to determine the amount of loss is not invalid because it only involves an agreement to submit a question of fact. It would seem that the members of the Legislature had this principle of law in view when the act under consideration was passed and that the object of the statute was to prevent insurance companies from inserting conditions like the one in question in their policies. In other

words, they recognized that a failure to agree as to the amount of loss or damage raised an issue of fact and that the company might insert in its policies a clause providing for an appraisal in case of disagreement as to such an amount and make this a condition precedent to the insured's rights of action on the policy. The statute in question was enacted to prevent insurance companies from doing this and to enable policy holders to go before a jury on questions of fact as well as questions of law.

(2) It is not contended that insurance companies are not subject to police regulations. It is too well settled to require a citation of authority that the business of fire insurance, as it is carried on in this State by corporations licensed and regulated by the State, is a proper subject for the exercise of the police power of the State.

It is also contended that the testimony does not warrant the verdict of the jury. The jury returned a verdict for $400, and it is true, according to the testimony of the witnesses for the insurance company, the piano was not worth that amount before it was injured by fire and that it could have been repaired for a sum not exceeding $55, but this testimony is contradicted by the evidence adduced in favor of the plaintiffs.

According to the testimony of the plaintiffs, the piano cost $550, and there was a piano player attached to it worth $250. The piano had been in the possession of the plaintiffs five or six years, but it had been used very little and had been well taken care of.

A piano dealer, who had been in the business for many years and who was also an expert piano tuner, testified that he was familiar with the mechanism and construction of pianos. The piano was carried to his place of business after it was injured by fire and he examined it and testified that the piano was of no practical value since its injury by the fire. He gave in detail his reasons therefor, and described minutely the condition of the piano when it was brought to his place of business after the fire. According to the testimony of the plaintiffs the piano was worth more than $400 at the time it was in-

jured by the fire. This evidence, if believed by the jury, was sufficient to warrant a verdict in favor of the plaintiffs. The jury so found, and under the well settled rules of this court its verdict will not be disturbed on appeal.

The judgment will therefore be affirmed.