INSURANCE COMPANY OF NORTH AMERICA *v.* KEMPNER

Opinion delivered January 14, 1918.

1. INSURANCE — APPRAISEMENT OF DAMAGES — VOID PROVISION.—A clause in a policy of fire insurance binding the parties to an appraisement of the damages is void under Kirby's Digest, § 4382.

2. ARBITRATION AND AWARD—FIRE INSURANCE LOSS—AGREEMENT FOR APPRAISEMENT—REVOCATION.—An agreement in a fire insurance policy provided for the ascertainment of the amount of the loss by the appointment of certain appraisers. *Held,* this agreement aside from Kirby's Digest, § 4382, amounted to a common law submission to arbitration of a disputed question of fact, and such an agreement is revocable at any time before the award, at the will of either party. (The only exception to the rule is where the submission is founded upon an independent consideration other than the mutual agreement to arbitrate.)

3. ARBITRATION AND AWARD — REVOCATION OF SUBMISSION.—The method of revocation of a submission to arbitration must be of equal dignity with the form of the agreement for submission, for example, if the agreement to submit is in writing, the revocation must be in writing.

4. ARBITRATION AND AWARD—REVOCATION OF AGREEMENT TO SUBMIT—REASONS.—The grounds for the revocation, by one of the parties, to an agreement to submit to arbitration, are immaterial.

5. ARBITRATION AND AWARD—REVOCATION—NOTICE TO APPRAISERS.—The appraisers or arbiters must be notified of the revocation of the agreement to submit.

Appeal from Pulaski Circuit Court, Third Division; *G. W. Hendricks,* Judge; affirmed.

*Mehaffy, Reid & Mehaffy,* for appellant.

1. The contract of arbitration was in its nature irrevocable. 49 Atl. 738; 197 Pa. St. 404; 18 Phila. 307; 76 Ark. 153.

2. The award was never in fact revoked. The submission was in writing and the revocation must also be

in writing. 5 C. J. 57; 1 Caldw. (Tenn.) 197. Notice must be given. 68 S. E. 902; 5 C. J. 58; 2 R. C. L. 368.

3. At any rate, the question of revocation was for a jury. 5 C. J. 192; 2 R. C. L. 386, 390; 44 Ark. 166; 76 Atl. 753; 146 Fed. 76; 39 *Id.* 52; 49 Atl. 745; 75 Ark. 198; 53 Pac. 498; 47 S. E. 82; 66 So. 558; 60 S. W. 1014.

*Moore, Smith, Moore & Trieber,* for appellees.

1. The contract was revocable. 31 L. R. A. (N. S.) 679; 91 N. W. 328; 2 L. R. A. 180; 47 L. R. A. (N. S.) 338, 400 and note; 2 R. C. L. 367, § 15, 368.

2. It was in fact revoked and notice was given. It was in writing. 2 R. C. L. 369, § 17; Morse on Arb. & Award (1 ed.) 231.

3. The umpire was disqualified. 32 So. 258; 97 N. W. 876; 66 N. E. 905; 34 S. W. 403; 39 Pac. 383.

4. The withdrawal of plaintiffs' appraiser dissolved the arbitration. 64 Atl. 63; 106 N. W. 507; 35 Atl. 13; 27 *Id.* 927; 106 N. W. 109.

5. Slagle was not disinterested. 97 N. W. 875; 137 N. Y. 137; 34 S. W. 401; 97 N. W. 877; 66 N. E. 905; 39 Pac. 380; 32 So. 258; 75 Ark. 198.

6. An award may be impeached when pleaded as a defense. 62 N. E. 146; 47 Pac. 436; 13 N. W. 252.

7. The tender was not unconditional.

McCULLOCH, C. J. Appellees owned a building in the city of Little Rock which was damaged by fire on April 10, 1916, and which was insured under policies issued to said owners by appellant companies. The policies contained clauses to the effect that the amount of any loss or damage should, in the event of disagreement, be ascertained by "two competent and disinterested appraisers," one to be selected by each party to the contract, and an umpire to be selected by the appraisers. There was a disagreement as to the amount of the damage to the building and on April 21, 1916, the said owners and the insurance company entered into a written agreement for the submission of the question to two ap-

praisers and an umpire selected in the manner specified in the policies. The owners selected Thalman as appraiser and the companies selected Slagle, and the two appraisers selected Casey as umpire. After these appraisers had taken oath as provided in the contract but before they entered upon the investigation to determine the amount of the loss, appellees made objections to Slagle serving as appraiser on the ground that he had frequently performed such services at the instance of the insurance companies and was not disinterested, within the meaning of the contract. On April 27, 1916, appellees' attorney addressed a letter to the representatives of the companies stating the grounds of objection to the service of Slagle and adding the following: "They (appellees) have just learned the facts, with respect to Mr. Slagle, and this is to notify you that they will not continue the appraisement unless and until you select some arbitrator other than Mr. Slagle, who is disinterested."

The companies replied, in writing, refusing to displace Slagle by the appointment of another appraiser in his stead, but insisted on Slagle and the umpire continuing the investigation and rendering an award, which was done. Thalman refused, on the request of appellees, to proceed further in the matter and the award was made without his participation in the proceedings. Thalman notified Slagle and Casey of his refusal to proceed with the investigation and informed them of the fact that he did so on instructions from appellees who objected to Slagle as an appraiser. These facts are undisputed.

The appraisement made by Slagle and Casey was for an amount less than the face of the policies. Appellees instituted this action on the policies for the full amount, disregarding the appraisement made by Slagle and Casey. The companies offered to settle for the loss on the basis of the appraisement and pleaded that as a defense. The trial court decided, upon the facts set forth above, that the appraisement was not binding on appellees and refused to submit to the jury any issue ex-

cept that as to the amount of the damage to the building. The only question presented on this appeal is whether or not, under the evidence adduced, there was an issue to be submitted concerning the appraisement.

(1)   The clause in the policy binding the parties to an appraisement of the damages was rendered void by statute.   Kirby's Digest, § 4382; *Firemens' Ins. Co.* v. *Davis,* 130 Ark. 576.

Learned counsel for appellants rely on the case of *Niagara Ins. Co.* v. *Boon,* 76 Ark. 153, as holding that an agreement for appraisement entered into pursuant to the terms of a policy is irrevocable, but the cause of action in that case arose before the passage of the statute cited above and it has no application to a contract of insurance entered into since the statute went into effect.

(2)   The agreement for appraisement in the present case, treating it, as we must, as entirely disconnected from the void provision in the policies, amounted to no more nor less than a common law submission to arbitration of a disputed question of fact, and the rule is almost universally recognized by the authorities that such an agreement is revocable, at any time before the award, at the will of either party.   See note to *Williams* v. *Branning Mfg. Co.,* 47 L. R. A. (N. S.) 337; 2 Ruling Case Law, p. 367.

The only exception to the rule is that when the submission is founded on an independent consideration other than the mutual agreement to arbitrate, it is not revocable at the will of one of the parties.

(3-4)   It seems to be established by the weight of authority that the method of revocation must be of equal dignity with the form of the agreement for submission, that is to say, the revocation must be in writing if the agreement to submit was in writing.   That requirement was complied with in the present case, for appellees' attorneys wrote to the adjusters unequivocally that the submission would be revoked unless Slagle was displaced by the selection of another appraiser.   The adjusters re-

plied, refusing to make another selection and appellees accepted that decision as an end of the proceedings and so notified the adjusters. That was the necessary effect of the final correspondence between the parties. It is immaterial whether the grounds of the objections to Slagle were reasonable or not since it is seen that appellees had the absolute right to revoke the submission at will.

(5)   Another requirement, it appears, is that the appraisers or arbitrators must be notified of the revocation. This was done verbally and the notice is not required to be in writing. Nor is it material how the notice was communicated to the appraisers. It was done in this instance by communication to Thalman the one selected by appellees, who in turn notified the other appraiser and the umpire. The revocation was made in substantial conformity with the common law rule on the subject and was sufficient to end the proceedings.

It is not claimed that there was any error in the court's charge to the jury submitting the issue as to the amount of the damage to the building.

Affirmed.