**ALLSTATE INSURANCE COMPANY,**
**Plaintiff,**

v.

**Jewell HARRISON and Lou Ann Ward,**
**Defendants.**

**No. 69 C-25.**

United States District Court
W. D. Arkansas,
Hot Springs Division.

Dec. 31, 1969.

James D. Storey, Wright, Lindsey & Jennings, Little Rock, Ark., for plaintiff.

William W. Green, Hot Springs, Ark., for defendants.

## MEMORANDUM OPINION

OREN HARRIS, Chief Judge.

In this diversity action the plaintiff, Allstate Insurance Company, seeks a declaration of rights under an insurance policy issued to the defendant, Jewell Harrison, in June of 1967, of liability insurance on a 1962 Chevrolet automobile, which policy was in full force and effect on May 30, 1968. In its Crusader Policy No. 45–002–504 issued to the insured Jewell Harrison, there is included an "uninsured motorist" provision under Coverage S of Section II with the limitation of $10,000 to each person and $20,000 for each occurrence as a result of bodily injury caused by accident and payable under the conditions as contained in the policy.

The declaratory judgment for an interpretation of the insurance contract issued by the plainitff to the defendant, Jewell Harrison, arises as a result of an accident which occurred on May 30, 1968, at which time the defendants, Jewell Harrison and Lou Ann Ward, daughter of the insured and a resident of the same household, were passengers in a 1967 Mustang Ford automobile (a vehicle not owned by the defendant, Jewell Harrison) being driven by Tommy C. Reynolds, son-in-law of Jewell Harrison, in Shreveport, Louisiana. The Ford automobile was owned and being driven by Tommy C. Reynolds in a northernly direction where he had stopped for a red light at Crockett Street. Robert Walker, an uninsured motorist, was driving a 1959 Plymouth automobile also in a northernly direction at the same time and place, struck the 1967 Ford Mustang automobile in the rear, while it was in a standing position at the red light, injurying both Jewell Harrison and Lou Ann Ward.

In October, 1967, Standard Mutual Insurance Company issued its liability insurance policy No. 321328 to Tommy C. Reynolds insuring him and occupants of his insured automobile, which also included in Part IV Protection Against Uninsured· Motorist similar to that afforded under Coverage S of the policy issued by Allstate to Jewell Harrison on her 1962 Chevrolet automobile. Both policies provided coverage for the insured of the respective automobiles relatives and members of the household and other persons while occupying the insured vehicle.

The policy at issue issued by Allstate to Jewell Harrison contains certain exclusions under the uninsured motorist coverage which includes:

"This Section of the Policy does not apply:

"1. to bodily injury of an insured sustained while in or upon, entering into or alighting from, any automobile, other than an owned automobile, if the owner has insurance similar to that afforded by this Section and such insurance is available to the insured;"

The policy issued by the Standard Mutual Insurance Company on the Ford Mustang to Tommy C. Reynolds, which car was involved in the accident with the uninsured motorist Robert Walker causing injuries to the defendants while passengers of the Reynold's car, contains a provision for uninsured motorist protection as follows:

"Part IV.—Protection Against Uninsured Motorist

"Exclusions:

"Other Insurance:

"With respect to bodily injury to an insured while occupying an automobile

not owned by the named insured, the insurance under Part IV. shall apply only as excess insurance over any other similar insurance available to such insured and applicable to such automobile as primary insurance, and this insurance shall then apply only in the amount by which the limit of liability for this coverage exceeds the applicable limits of liability of such other insurance.

"Except as provided in the foregoing paragraph, if the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance and the company shall not be liable for a greater proportion of any loss to which this coverage applies and the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance."

The facts as stated herein are not in dispute and are included in affidavits submitted by the attorneys for the respective parties in this proceeding.

The defendants filed a motion to dismiss the complaint of the plaintiff for a declaratory judgment on the following bases:

1. That Standard Mutual Insurance Company of Springfield, Illinois, is an indispensable party to this action under Rule 19 of the Federal Rules of Civil Procedure and is not within the jurisdiction of this court and cannot be made a party by the defendants since it is a corporation organized and doing business within the State of Illiniois, but not authorized to and doing business in the State of Arkansas;

2. That the court lacks jurisdiction over the subject matter of plaintiff's complaint; and

3. That the plaintiff's complaint fails to state a claim upon which relief can be granted.

■ The Court will first consider and dispose of the question of jurisdiction.

The contention of the plaintiff that the court lacks jurisdiction over the subject matter of the plaintiff's complaint is untenable.

It is admitted that the plaintiff, Allstate Insurance Company, is a corporation organized and existing under the laws of the State of Illinois, with its principal place of business and office in the City of Skokie, Illinios, and authorized to do business in Arkansas; the defendants prior to and at the time of the incident complained of were citizens of the State of Arkansas, and residents of the City of Hot Springs, County of Garland; the maximum amount in controversy exceeds $10,000, exclusive of interest and costs.

In a complaint filed by the defendants in another proceeding in this court, HS 69–C–7, against the plaintiff in this case, Jewell Harrison and Lou Ann Ward each sought the sum of $10,000, together with 12% statutory penalty and reasonable attorney's fee. The claim in that proceeding was based on the policy at issue here resulting from the accident, which occurred in Shreveport as described herein. Jurisdiction is, therefore, established. Wortman v. Safeco Insurance Company, 227 F.Supp. 468; State Farm Mutual Automobile Insurance Co. v. Pennington, D.C., 215 F.Supp. 784.

Parenthetically, the other proceeding, HS 69–C–7, in this court, which was a removal case from the Garland County Circuit Court, brought by Jewell Harrison and Lou Ann Ward against Allstate Insurance Company was dismissed on motion of the plaintiffs, Jewell Harrison and Lou Ann Ward, therein. The voluntary dismissal was based on a cause of action pending before the American Arbitration Association in the State of Illinois, together with another cause of action against the Standard Mutual Insurance Company arising out of the automobile collision on May 30, 1968, in Shreveport, Louisiana, at which time Jewell Harrison and Lou Ann Ward were injured. It was the contention of the defendants, Jewell Harrison and Lou

Ann Ward, at that time and in the other proceeding in which they were the plaintiffs that the issues of liability and coverage of Allstate would be determined in the proceedings against both Standard Mutual Insurance Company and Allstate Insurance Company before the American Arbitration Association, in the State of Illinois, and that it would be to the best interest of them that determination be made before the American Arbitration Association. Such arbitration proceedings are recognized at law in the State of Illinios when provided for in the policies.

In Arkansas a clause in an insurance policy providing that in the event of disagreement as to the amount of the loss, the matter should be determined by arbitration, is void. Ark.Stat. § 66–3233 (Repl. 1966); Uniform Arbitration Act, Ark. Acts 164, No. 260 (1969); Insurance Company of North America v. Kempner, 132 Ark. 215, 200 S.W. 986 (1945); cf. MFA Mutual Insurance Company v. Lovins, 248 F.Supp. 108 (ED-Ark.).

 It is undisputed that the plaintiff, Allstate Insurance Company, issued its Crusader Policy at issue herein to Jewell Harrison in June, 1967, in Garland County, Arkansas. It is a well-established rule that federal courts having diversity jurisdiction must apply the substantive law of the forum state. Consequently, the execution, validity and construction of the insurance contract at issue herein is governed by Arkansas law. The question at issue in construing "other insurance clause" of multiple uninsured motorist policies was recently considered by the Supreme Court of Arkansas in MFA Mutual Ins. Co. v. Wallace, 245 Ark. 227, 431 S.W.2d 742.

Ark.Stat.Ann. § 66–4003 requires uninsured motorist protection in not less than limits provided in the Motor Vehicle Safety Responsibility Act § 27 of Act 347 of 1953, as amended (Ark.Stat. Ann. § 75–1427 [Supp. 1967]). The minimum limits in said Act provides not less than $10,000 because of bodily injury to or death of one person in any one accident and not less than $20,000 because of bodily injury to or death of two or more persons.

In the *Wallace* case the trial court held that the "other insurance clause" was contrary to the Ark.Stat. § 66–4003. The supreme court reversed the trial court and held that the "other insurance clause" is not repugnant to Ark. Stat.Ann. § 66–4003, supra.

There the insurance company furnished uninsured motorist coverage in not less than the limits described in the Safety Responsibility Act. The court stated:

"Furthermore, since the purpose of the statute is 'for the protection of persons insured * * * who are legally entitled to recover damages from owners or operators of uninsured motor vehicles * * *' it is obvious that the statute was not designed to provide the insured with greater insurance protection than would have been available had the insured been injured by an operator with a policy containing the minimum statutory limits required by the Motor Vehicle Safety Responsibility Act, Ark.Stat.Ann. § 75–1427 (Supp.1967)." MFA Mutual Ins. Co. v. Wallace, supra.

The court in stating the law of Arkansas recognized that the cases interpreting uninsured motorist statute goes both ways on the issue of stacking multiple policies covering the same accident or injury. e.g. Safeco Insurance Company of America v. Robey, 399 F.2d 330, (8th Cir. 1968); MFA Mutual v. Wallace, supra.

 Since this Court has jurisdiction of the subject matter of a contract executed by the plaintiff to the defendant, Jewell Harrison, in the State of Arkansas and Arkansas law being applicable, the plaintiff should not be subjected to the pending proceedings before the American Arbitration Association in Illinois to be governed by the laws of that state.

 The defendant contends that this Court should be deprived of jurisdic-

tion on the basis that the Standard Mutual Insurance Company is an indispensable party but not within the jurisdiction of this court. Under the facts in this proceeding, and the law applicable thereto, I cannot agree with this contention.

■ The issue for this Court is the construction and application of the contract of liability insurance between the plaintiff, Allstate Insurance Company, and the defendants, Jewell Harrison and Lou Ann Ward. Under the undisputed and admitted facts, the defendants receiving the bodily injuries (the extent of which have not been determined) were passengers in an automobile owned and driven by Tommy C. Reynolds at the time they were injured allegedly by the negligence of the uninsured motorist. Therefore, they were in an automobile other than an "owned automobile" within the terms of the policy contract.

Furthermore, it is established that the owner of the Ford Mustang, Tommy C. Reynolds, had insurance similar to the policy at issue as it relates to the uninsured motorist provision available to the insured. Therefore, under the exclusions included in Section II Coverage S, this section of the policy providing protection against bodily injury by uninsured automobiles does not apply. See Travelers Indemnity Co. of Hartford, Conn. v. Wells, 4 Cir., 316 F.2d 770, 772.

If the policy of the plaintiff is not applicable under the facts in the case, it follows that Standard Mutual Insurance Company could in no way be considered as an indispensable party in determining the rights of the parties involved in this contract of insurance between the plaintiff and the defendants.

■ In consideration of the plaintiff's final contention that the complaint fails to state a claim upon which relief can be granted, it is well settled that a declaratory judgment procedure is appropriate for the determination of the legal rights of the parties under similar or identical clauses. This identical question was considered and approved by the Fourth Circuit under similar circumstances in 1963 in Travelers Indemnity Co. of Hartford, Conn. v. Wells, 316 F. 2d 770. In that case the court construed a Virginia contract. Virginia has a similar uninsured motorist requirement by statute as does Arkansas. The accident resulting in injury to the parties occurred in Delaware. The court of appeals approved the procedure of declaring the rights of the parties and adopted the rule applicable in Virginia. As stated by the Supreme Court of Arkansas in *Wallace*, supra, that the passenger's insurer was not liable for injury to the passengers where uninsured motorist coverage under host's policy equalled the limits under the passenger's policy. cf. Horr v. Detroit Automobile Inter-Insurance Exchange, 379 Mich. 562, 153 N. W.2d 655 (1967); and Firemen's Insurance Company of Newark, New Jersey v. Diskin, 255 Cal.App.2d 502, 63 Cal.Rptr. 177 (1967). It should also be noted that it is quite obvious that the courts in adjudicating the rights of the insured and the insurer under the "other insurance" clause of the insurance contract did not consider that the insurer of the host's automobile was an indispensable party to an action for declaratory judgment.

The joint motion to dismiss the complaint of the plaintiff should be denied and judgment entered for the plainiff to include restraining of the parties from proceeding with the arbitration proceedings involving the insurance contract between these parties before the American Arbitration Association in the State of Illinois.

An order will be entered in accordance with the findings and conclusions stated herein.