The Gulf, Colorado & Santa Fe Railway Company
v. H. B. Clarke.

No. 558.

1. **Limited Liability of Carrier by Contract.**—It is now conclusively settled in this State that a carrier may by contract limit its liability to its own line of road.

2. **Station Agent.**— On a through contract of shipment an agent of connecting lines over which the shipment passes may for some purposes be the agent of the other carrier; but a station agent of a connecting carrier, by virtue of his position, has no authority to waive a provision of the contract between the initial carrier and the shipper.

3. **Limited Time for Suit.**—A limit stipulated within which suit for damages for loss or injury to freight may be brought, if reasonable, may be enforced. The reasonableness is a fact for the jury.

Appeal from the County Court of Coleman. Tried below before Hon. H. A. Orr.

*J. W. Terry,* for appellant.— 1. In executing a through contract of shipment, it is lawful for the carrier to stipulate that it will not be liable for any damages not occurring on its own road; and under a contract containing such stipulations the shipper can not recover damages from the carrier executing the same for losses or damages occurring on connecting lines. Railway v. Baird, 75 Texas, 256.

2. To prevent the defendant from availing itself of the stipulation that suit shall be brought within forty days, it must appear that the representations relied on were made by some party authorized to waive the benefit of such stipulation. It is not alleged in the supplemental petition, and the evidence fails to show, that the party who made the alleged representations had the remotest authority from the appellant to do so. It having been held by both the appellate courts of this State, on contracts identical to the one in this case, that the agent of the delivering line can not be presumed to be the agent of the receiving line for the purpose of receiving notice of the claim for damages, it necessarily follows that the agent of the delivering line can not be presumed to have the authority from the original line to settle any claim for damages against the original line, or to make any promises in respect thereto. Railway v. Trawick, 80 Texas, 270; Railway v. Trawick, 68 Texas, 314; Railway v. Harris, 67 Texas, 166; Railway v. Booth, 3 Willson's C. C., sec. 364.

*Sims & Snodgrass,* for appellee.

FISHER, Chief Justice.—Stock were shipped over the appellant's road under a contract of shipment in which the carrier limited its liability to losses or damages occurring on its own line of road.

The court below, in effect, instructed the jury, that the appellant, the initial carrier, would be liable for damages and losses occurring on the connecting lines of road, and that the representations and acts of the station agents of the connecting lines of road tending to show a waiver of the clause in the contract of shipment requiring the appellee to sue on his claim within forty days after loss, was binding upon the appellant.

The charge on each of these points can not be sustained. It is now conclusively settled in this State, that a carrier may by contract limit its liability to its own line of road. Such is the contract in this case.

No facts are shown that authorized the station agent of the connecting line of road to make promises and representations waiving the time of bringing suit that would be binding upon the appellant. On a through contract of shipment, the agent of the connecting lines over which the shipment passes may, for some purposes, be the agent of the other carrier; but we do not think the station agent of the connecting carrier, solely by virtue of that position, has the authority to waive a provision of the contract between the initial carrier and the shipper. If the act of the agent is relied upon as a waiver, his authority to so act for the other contracting carrier must be shown. It has been held that a provision in contracts of this character, limiting the time in which suit shall be brought, will be enforced, if it, under the facts and circumstances of the shipment, is found to be reasonable. Whether or not it is reasonable is a fact to be ascertained by the jury.

The judgment of the court below is reversed and the cause remanded.

*Reversed and remanded.*