St. Louis and San Francisco Railroad Company v. Pearce.

Opinion delivered April 15, 1907.

1. Carrier—shipment of live stock—contract limitation.—A stipulation in a bill of lading for the shipment of live stock that no action should be maintained against the carrier unless the same should be commenced within six months next after the cause of action should accrue is reasonable.  (Page 340.)

2. Same—when action barred.—Where a bill of lading for the shipment of live stock stipulated that no action thereon should be maintained unless commenced within six months next after the cause of action, it was no excuse for failure to bring the suit within the time agreed that the carrier's agent within such period requested plaintiffs to wait a few days until the claim could be investigated, if plaintiffs were notified fifty days before the period expired that the claim was disallowed.  (Page 342.)

Appeal from Benton Circuit Court; *J. S. Maples*, Judge; reversed.

*L. F. Parker* and *B. R. Davidson*, for appellant.

1. It is undisputed that the rate sheets were posted as required by statute, Kirby's Digest, § § 6802-3-9; and, such being the case, the agent was under no obligation to tender to the shipper two different contracts. 49 Am. & Eng. R. Cas. 168. It is not necessary for the carrier to tell the shipper that it has two rates when that fact is plainly stated in the contract which he signs, without making inquiry about rates. In the absence of fraud practiced upon him the shipper is concluded by the provisions of the contract he signs and accepts, though he did not read it. 42 Am. & Eng. R. Cas. 787; 139 Fed. 127; 24 Am. & Eng. R. Cas., N. S., 761; 50 Ark. 397; 71 Ark. 185; 113 Fed. 91; *Id.* 92; 3 Am. & Eng. R. Cas., N. S., 290.

2. Under the contracts in evidence, the burden was upon plaintiffs to show that the stock had been damaged by the defendant company. The presumption is that the injury was done by the delivering carrier, and the court should have so instructed the jury. 39 Ark. 523; 40 Ark. 375; 44 Ark. 208; 52 Ark. 226; 50 Ark. 397; 73 Ark. 112.

3. It was error to permit witness Pearce to testify from a newspaper report as to the decline in the market value of hogs in East St. Louis. 60 N. Y. 469; Underhill on Ev. 293.

4. · The stipulation in the contract that plaintiffs would give notice before the stock was sold or mingled with other stock if they claimed any damages was reasonable and binding, and the court should have so instructed the jury. 63 Ark. 331 ; 67 Ark. 407; 1 Hutchinson on Car. § 442 ; 4 Elliott, Railroads, § 1412.

5. The agreement to waive any right for damages accrued prior to the loading of the hogs and signing of the contract was valid and binding. 21 S. W. 80.

*J. A. Rice,* for appellant.

McCulloch, J. The plaintiffs, Pearce & Puckett, sued the railroad company to recover damages to a shipment of live stock caused by alleged negligence in failure to promptly transport and deliver at the destination. They exhibited with their complaint a contract of carriage with the company containing, among other things, a stipulation to the effect that no action against the company should be maintained unless the same should be commenced within six months next after the cause of action should accrue. This action was commenced more than six months after the cause of action accrued, and the defendant pleaded the delay in bar of plaintiff's right to maintain the action.

To avoid the effect of the delay, the plaintiffs introduced in evidence a letter addressed to them by defendant's authorized agent within the period of limitation requesting them to wait a few days until the claim could be investigated. It is, however, undisputed that on March 17, 1903, which was one month and twenty days before the expiration of the period of limitation, defendant's agent notified plaintiffs that the claim was disallowed and liability denied. They admitted that the notice was received.

The defendant requested the court to give the following, among other instructions, which request was refused:

· "7. If you find from the evidence that the claim of plaintiffs was declined or turned down by the letter of J. E. Leith, freight claim agent, of date of March 17, 1903; that the letter was mailed postpaid to Pearce & Puckett on or about the 17th of March, 1903, and was received by Puckett, a member of the firm, and if you find that either of them were notified prior to that time that the claim had been refused or declined, and you

find that the complaint was not filed in this court until the 10th day of September, 1903, this cause of action would be barred by the stipulations of the parties, and you should find for the defendant."

This instruction should have been given. The stipulation is reasonable, and the court should have so instructed. 1 Hutchinson on Carriers, § 448.

The undisputed evidence was that the notice had been given about one month and twenty days before the expiration of the period of limitation stipulated in the contract, and it contained an explicit denial of liability for the damage and a refusal to pay. The action was not commenced until nearly six months after the notice as given. This left nothing to be submitted to the jury, as the undisputed evidence established the bar to the plaintiff's right to recover.

Reversed and remanded.