HAFER *v.* ST. LOUIS SOUTHWESTERN RAILWAY COMPANY.

Opinion delivered December 18, 1911.

CARRIERS—LIVE STOCK SHIPMENT—VALIDITY OF LIMITATION.—A stipulation in a contract for the shipment of live stock that no suit to recover under such contract shall be sustainable unless commenced within six months after the cause of action shall occur is not unreasonable at common-law nor invalid within Acts of 1907, p. 557, providing that it shall be unlawful for a railroad to enter into a contract abridging, modifying, limiting or abrogating the statutory and common-law duties and liabilities of such railroad as a common carrier.

Appeal from Craighead Circuit Court;    *Frank Smith*, Judge; affirmed.

*John R. Turney*, for appellant.

The clause of the contract limiting the right of bringing suit to six months is invalid in that it abridges, modifies and limits the statutory liability of the defendant as a common carrier, and is inconsistent with such statutory liability.  Acts 1907, p. 557, § § 1 and 2; 3 L. R. A. 129; *Id.* 392; 110 N. W. 718; 80 S. W. 488; 36 S. W. 18; 38 S. W. 862.

*S. H. West* and *J. C. Hawthorne,* for appellee.

The clause of the contract in question is reasonable and valid, and is not a limitation upon the common-law or statutory liability of the carrier. The court was therefore right in instructing a verdict for the defendant. 82 Ark. 339; 68 Tex. 314; 180 U. S. 49; 108 Pac. 480; 87 Ky. 626, 9 S. W. 698; 90 Ark. 308; 89 Ark. 404; 93 Ark. 537; 95 Ark. 412; 115 U. S. 620.

FRAUENTHAL, J.   This was a suit brought by E. E. Hafer, the plaintiff below, to recover damages to a shipment of cattle while being transported by defendant as a common carrier. It was alleged that the damages were caused by the negligent delay of defendant in the carriage of the cattle. The cattle were shipped, and the damages incurred, on January 5, 1910, and this action was instituted on September 8, 1910.

The defendant denied every material allegation of negligence in the transportation of the cattle, and also pleaded as a bar to the action the terms of the written contract of shipment under which the cattle were delivered to and received by the defendant for carriage, whereby it was provided that no action for the recovery of any claim for damages arising thereunder should be sustainable unless commenced within six months after the cause of action accrued.   Upon the trial of the case, the court directed a verdict in favor of defendant because suit was not brought within six months after the accrual of the cause of action.

The cattle were shipped under a written contract of shipment containing the following provisions:   "That no suit or action against the first party for the recovery of any claim by virtue of this contract shall be sustainable in any court of law or equity, unless such suit or action be commenced within six months next after the cause of action shall occur; and, should any suit or action be commenced against the first party after the expiration of six months, the lapse of time shall be considered conclusive evidence against the validity of such claims, any statute of limitation to the contrary notwithstanding;" and "that, in making this contract, the undersigned owner or other agent of the owner of the stock named herein expressly acknowledges that he has had the option of making this shipment under the tariff rates, either at carrier's risk or upon a limited

liability, and that he has selected the rate and liability named herein, and expressly accepts and agrees to all the stipulations and conditions herein named."

It is conceded that this suit was not brought within six months next after the cause of action accrued; nor is it contended that the contract entered into was not based upon due consideration. The sole ground urged by counsel for plaintiff why the court committed error in its charge to the jury is that the above provisions of the written contract were a limitation of the statutory and common-law liability of the railroad company, and were void by reason of the act of the General Assembly entitled "An act to prohibit common carriers from abridging and limiting their statutory and common-law liabilities by contracts, rules and regulations," approved April 30, 1907 (Acts of 1907, p. 557). By that act it is provided:

"Section 1. Hereafter it shall be unlawful for any railroad or any of its agents or employees to enter into an agreement or contract with any shipper of any live stock, merchandise or other freight for the purpose of abridging, modifying, limiting or abrogating the statutory and common-law duties and liabilities of such railroad as a common carrier, and all agreements and contracts made for that purpose are hereby declared to be void, and the same shall not be enforced by any of the courts of this State.

"Sec. 2. All rules and regulations prescribed by any railroad for the transportation of any merchandise, live stock, or other freight inconsistent with the common-law and statutory duties and liabilities of railroads as common carriers, or that in anywise limit or abridge the statutory and common-law rights of any such shipper, are hereby declared to be void, and the same shall not be enforced by any of the courts of this State."

The sole question raised by this appeal is whether or not the above terms of the contract limiting the time within which suit should be brought thereunder is void. If, within the meaning of the above statute, they do not limit or abridge the duty or liability of the carrier as it exists at common law or by virtue of any statutory enactment, then they must determine the right of the plaintiff to maintain this action, unless they are

unreasonable and contravene some rule based upon public policy.

In the case of *St. Louis & S. F. Rd. Co.* v. *Pearce*, 82 Ark. 339, it was held that a stipulation in a bill of lading for a shipment of live stock that no action should be maintained against the carrier unless the same should be commenced within six months next after the cause of action should accrue is reasonable and enforcible. It was thus held in that case that such provision was not contrary to any rule founded upon public policy.

The provisions of the above contract are therefore valid and binding unless declared void by the above statutory enactment. By virtue of this act, such contracts and rules only are invalidated which limit, modify or abrogate some liability existing at common law or created by statute against the common carrier or some right of action conferred by them on the shipper. These provisions do not contravene any liability created by any statute of this State, and the question therefore to determine is whether or not they limit or abridge any duty or liability imposed by the common law upon the carrier, or any right created by it in behalf of the shipper.

The liability which attaches to a common carrier under the common law in the transportation of goods grows out of certain duties and responsibilities imposed upon it. Under a given state of facts, the common law fixes a certain responsibility upon the carrier. Thus it makes it liable practically as an insurer of the goods which are entrusted to it for transportation. It places upon the carrier certain duties, and imposes upon it certain liabilities, and for the failure to perform those duties, or by reason of those liabilities, rights of action were conferred upon the shipper. The right of action thus accruing to the shipper springs from a state of facts showing the non-performance of such common-law duties by the carrier, or from the liability arising under the common law from the state of facts. The right of action thus given the shipper arises and is complete by reason of the failure to perform some duty required by the common law, or by reason of some liability created by it. A contract, therefore, that would in any way impair or abridge a right thus arising would contravene the provisions of the above act of 1907, and would be invalid. A contract

however, which does not in any way abridge or defeat the complete vestiture of a right to recover from the carrier for any breach of duty imposed upon it by the common law, or growing out of any liability created against it by the common law, does not operate as a limitation, modification or abridgment of any duty or liability imposed by the common law upon the carrier. The limitation of the time within which suit shall be brought for any cause of action is but a period fixed in which the right itself must be asserted. It does not in any way abridge or impair such right itself, nor limit in any way any liability incurred by the carrier which creates such right. The general period of limitation fixed by statute names a time within which an action must be brought against a carrier; and yet such statute of limitation can not be said to abridge or limit any liability of a common carrier as fixed by the common law. For the same reason a contract limiting the time within which the right of action shall be asserted does not abridge or limit such liability.

This court has held that provisions in contracts of common carriers requiring the giving of notice of claim of damages within a stipulated time, which under the circumstances of the case is reasonable, do not constitute an exemption from or a limitation upon the liability of such carrier. *St. Louis, & S. F. Rd. Co.* v. *Keller,* 90 Ark. 308, and cases there cited. It has been held by the Supreme Court of the United States that stipulations requiring notice of damages within a specified time after same has occurred do not limit the common-law liability of the carrier, when the same are reasonable. *Express Co.* v. *Caldwell,* 21 Wall. 264; *Queen of the Pacific,* 180 U. S. 49. See also *Ward* v. *Mo. Pac. Ry. Co.,* 158 Mo. 226; *Atchison, T. & S. F. R. Co.* v. *Coffin,* (Ariz.) 108 Pac. 480.

This court has also held that provisions in contracts of telegraph companies requiring notice of claim of damage to be given within a specified time after the same has occurred did not contravene the statutory enactments making such companies liable for certain damages as for mental anguish. Such provisions were held enforcible, and in effect it was thus held that such provisions were not in the nature of a limitation upon the liability of the company for such damages, which were

established by statute. *Western Union Tel. Co.* v. *Daugherty,* 54 Ark. 221; *Western Union Tel. Co.* v. *Moxley,* 80 Ark. 554.

In all the above cases it was held that such provisions in a contract fixing a time in which notice of the claim for damages should be given did not limit, .abridge or in any way impair the liability or duty imposed by common law, or by any statute, upon the carrier or the telegraph company. For the same reason we are of the opinion that a contract limiting the period within which suit shall be brought upon such right of action, if reasonable and founded upon due consideration, does not limit, abridge, or in any way impair any liability or duty imposed by the common law, or any statutory enactment, upon the common carrier, or any right conferred by such law on the shipper. Such provisions simply name a time within which the remedy shall be sought for the enforcement of the rights arising out of the violation of the duty, and the consequent liability imposed upon such carrier. They do not lessen in any way the full measure of the rights of the shipper springing from such common-law or statutory liability resting upon the carrier. *Gulf & C. R. Co.* v. *Trawick,* (Tex.) 2 Am. St. Rep. 494.

We are of the opinion, therefore, that the above terms of the contract of shipment involved in this case do not contravene any provision of said act of 1907, and they are therefore valid. It follows that the court did not err in the charge which it gave to the jury, and the judgment is accordingly affirmed.