CLARK, C. J., dissenting.
Civil action to recover damages for loss and failure to deliver a shipment of goods.
From a verdict and judgment in favor of plaintiff, the defendant appealed.
The shipment in question, consisting of three packages of household furniture, was delivered to the Seaboard Air Line Railway Company at Franklin, Va., on 18 September, 1919, and consigned to plaintiff's late husband at Hookerton, N.C. the property of said consignee. The same has never been delivered. It was agreed that ten days was a reasonable time within which said shipment should have reached its destination. Plaintiff's husband died 27 February, 1921; letters of administration were duly issued (time not stated), and this suit was instituted 27 December, 1921. There was a clause in the contract of shipment reading as follows: "Suits for loss, damage, or delay shall be instituted only within two years and one day after delivery of the property, or, in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed."
It is conceded that the present suit was not instituted within the time limited in the bill of lading; but plaintiff contends that, by reason of the death of her husband within the time limited in the contract, she had one year from his death within which to bring suit under the following provisions of C. S., 412: "If a person entitled to bring an action dies before the expiration of the time limited for the commencement thereof, and the cause of action survives, an action may be commenced by his representatives after the expiration of that time, and within one year from his death."
His Honor adopted the plaintiff's view of the law in respect to this statute, and instructed the jury accordingly. *Page 35 
There are only two questions presented for our consideration: first, the validity of the restrictive clause limiting the time for the institution of the suit; and second, whether C. S., 412, extends this time for a period of one year after the death of plaintiff's husband.
It is established by the clear weight of authority that the parties to a contract of shipment may fix a given time, shorter than that allowed by the general statute of limitations, within which suit for a breach of the contract shall be brought, and, in the absence of any unusual or extraordinary circumstance, such a stipulation will be enforced, if not unreasonable. Gulf, etc., Ry. Co. v. Clarke, (Tex.), 24 S.W. 355; Texas P. Ry. Co. v. Hawkins, 30 S.W. 1113; St. Louis, etc., R. Co. v.Pearce (Ark.), 101 S.W. 763; Hafer v. St. Louis, etc., Ry. Co. (Ark.),142 S.W. 176; Ingram v. Weir, 166 Fed., 328; The Turrett Crown, 275 Fed., 961; Cox. v. Cent. Vt. R. Co., 170 Mass. 129; 4 Elliott on Railroads, sec. 1512; Taft v. R. R., 174 N.C. 211; Phillips v. R. R.,172 N.C. 86; Heilig v. Ins. Co., 152 N.C. 358; 4 R.C.L., 798.
Speaking to a similar question, in Riddlesbarger v. Hartford Ins. Co., 7 Wall., 389, Mr. Justice Field said: "The objection to the condition is founded upon the notion that the limitation it prescribes contravenes the policy of the statute of limitations. This notion arises from a misconception of the nature and object of statutes of this character. They do not confer any right of action. They are enacted to restrict the period within which the right, otherwise unlimited, might be asserted. They are founded upon the general experience of mankind that claims which are valid are not usually allowed to remain neglected. The lapse of years without any attempt to enforce a demand creates, therefore, a presumption against its original validity, or that it has ceased to subsist. This presumption is made by these statutes a positive bar; and they thus become statutes of repose, protecting parties from the prosecution of stale claims, when, by loss of evidence from death of some witnesses, and the imperfect recollection of others, or the destruction of documents, it might be impossible to establish the truth. The policy of these statutes is to encourage promptitude in the prosecution of remedies. They prescribe what is supposed to be a reasonable period for this purpose, but there is nothing in their language or object which inhibits parties from stipulating for a shorter period within which to assert their respective claims."
This being an interstate contract of shipment, the reasonableness of the stipulation is to be determined by the Federal law. Adams ExpressCo. v. Croninger, 226 U.S. 491. In two cases recently decided the United States Supreme Court has upheld the validity of similar provisions requiring suits to be brought within six months — a much shorter time than that mentioned in the present contract. Texas P. R. Co. v. *Page 36 Leatherwood, 250 U.S. 478, and Missouri K. T. R. Co. v. Harriman,227 U.S. 657. In the last case just cited it was said: "Such limitations in bills of lading are very customary and have been upheld in a multitude of cases," citing a number of authorities.
From the foregoing it follows that the stipulation here in question, limiting the time within which suit may be brought to two years and a day, is reasonable and valid.
This being a valid contractual limitation in an interstate bill of lading, we think it must be held to be outside the purview and operation of C. S., 412, which is but an extension of or exception to our general statute of limitations. If the stipulation in question be valid as against the general law, it would seem to follow, as a necessary corollary, that it is equally unaffected by a statute extending that law on condition. The rights of the parties flow from the contract. It relieves them from the limitations of the general statute, and, as a consequence, from its exceptions also. Against both statutes the parties have specifically contracted. "Only within two years and one day" shall suits be instituted, is the provision of the contract. This stipulation is expressly made an integral part of the agreement, and it is attached as a condition thereto. The time limit having been made, as it is, of the essence of the right to institute suit, it follows that this right must be exercised before the expiration of the time fixed, or else it will ordinarily be lost. Vaught v.V. S.W. R. R., 132 Tenn. 679. See, also, Belch v. R. R., 176 N.C. 22, and cases there cited.
There is no provision made for any exception in the event of death, and the Court cannot insert one without changing the terms of the contract.Riddlesbarger v. Hartford Ins. Co., supra, and Morrison v. B. O. R. Co., 33 Ann. Cas., 1026. "The contract constitutes the law between the parties, and, if it contain no exception, none will be presumed." Gaston, J., inClancy v. Overman, 18 N.C. 405.
Under the facts of the instant case, we do not think the plaintiff has shown any equitable excuse, certainly none has been seasonably pleaded, for failing to bring her suit within the time limited in the bill of lading. The defendant's motion for judgment as of nonsuit should have been allowed.
Reversed.