HOLMES & DAWSON v. EAST CAROLINA RAILWAY ET AL.

(Filed 19 September, 1923.)

**1. Carriers—Railroads—Bills of Lading—Contracts—Torts—Penalties.**

The liability of a common carrier for loss of shipment is not confined to the carrier's obligation resting under its contract of carriage, or bill of lading, for, aside therefrom, the law, in its policy, charges the carrier with the loss of property in tort entrusted to it for transportation.

**2. Same.**

A verdict will be interpreted and allowed significance by proper reference to the pleadings, the evidence and the charge of the court, and where one of the issues in an action against the carrier fails to inquire upon the question of negligence and it properly appears, under the principle stated, that the action was founded in tort, the issue will be construed accordingly.

**3. Carriers—Railroads—Bills of Lading—Contracts—Damages—Torts—Notice.**

In an action against the carrier, founded on the contract of carriage of an interstate shipment, for damages for the loss of a shipment, the claimant must file his written demand with the proper carrier within four months after a reasonable time wherein the goods should have been delivered; but where the action is for negligence arising in tort, notice or demand upon the carrier, in accordance with the contract of carriage, is not necessary to a recovery.

**4. Same—Commerce—Interstate—Federal Law.**

The parties to a contract of carriage between the carriers and consignor may agree upon a shorter period in which action may be brought than that allowed by the general statute of limitations, in the absence of any unusual or extraordinary circumstance, and a stipulation in an interstate bill of lading that action must be commenced within two years and a day after a reasonable time has elapsed after the loss of a shipment is *held* valid, and where the shipment is interstate, the Federal law will control.

**5. Carriers—Railroads—Bills of Lading—Separate Shipments—Torts—Actions.**

Where there are separate shipments of baled cotton by the same common carrier from the same consignor, the delay of a part of each of these shipments constituted a separate and distinct cause of action, and recovery may be had only as to the bales of cotton that the carrier has unreasonably and negligently delayed.

**6. Carriers—Bills of Lading—Contracts—Interpretation.**

The stipulations of an interstate bill of lading as to the time demand for damages for loss shall be made upon the carrier are interpreted not only with reference to the language therein used, but also with regard to the law bearing on the subject of contracts.

APPEALS by plaintiffs and defendants from *Kerr, J.,* at June Term, 1923, of EDGECOMBE.

HOLMES *v.* R. R.

Civil action to recover for the loss of one bale of cotton and for delay in delivering nine others.

Upon denial of liability, and issues joined, the jury returned the following verdict:

"1. Did the defendant, the East Carolina Railway, receive from the plaintiff ten bales of cotton referred to in the complaint and contract to carry the same from Macclesfield, N. C., to the consignee in Norfolk, Va., on a through bill of lading as alleged? Answer: 'Yes.'

"2. Did the defendants fail to transport and deliver one bale of said cotton on shipment of 22 November, 1919, in accordance with the terms of the bill of lading? Answer: 'Yes.'

"3. Did the defendants negligently delay the delivery of nine bales of said cotton as alleged in the complaint? Answer: 'Yes.'

"4. Did the loss occur on the East Carolina Railway? Answer: 'Yes.'

"5. Did the loss occur on the Atlantic Coast Line Railroad? Answer: 'No.'

"6. What damage, if any, is plaintiff entitled to recover for loss of said one bale of cotton? Answer: '$194.94.'

"7. What damage, if any, is plaintiff entitled to recover for damages sustained in the delay in shipment of nine bales of cotton? Answer: '$998.13.'

"8. When was the claim for said cotton filed with the delivering carrier? Answer: '15 May, 1920.'

"9. When was the action to recover said loss begun? Answer: '27 February, 1922.'

"10. Did the Coast Line Railroad have a custom and agreement with the consignees of cotton at Norfolk, Va., that claims for loss should not be filed until the end of the cotton season in order that it might make delivery? Answer: 'Yes.'"

Judgment for $998.13 rendered in favor of plaintiffs, from which defendants appealed. Plaintiffs' motion for the further sum of $194.94 to cover the one lost bale denied for the reason that written claim was not filed therefor within four months after a reasonable time for delivery. From the denial of judgment in accordance with this motion, plaintiffs appealed.

*W. O. Howard for plaintiffs.*
*John L. Bridgers for defendants.*

STACY, J. This action is to recover damages for the loss of one bale of cotton and for delay in shipping and delivering nine others.

On 22 November, 1919, J. T. Winstead, one of the plaintiffs, shipped to Holmes & Dawson at Norfolk, Va., nine bales of cotton, delivering

same to defendant, East Carolina Railway, at Macclesfield, N. C., and taking therefor a through bill of lading containing the following stipulation:

"Claims for loss, damage or delay must be made in writing to the carrier at the point of delivery or at the point of origin within four months after delivery of the property, or, in case of failure to make delivery, then within four months after a reasonable time for delivery has elapsed. Unless claims are so made the carrier shall not be liable."

There was no provision in this bill of lading as to when suit should be brought for any breach of the contract, hence the three years statute of limitations would apply.

It is agreed that ten days was a reasonable time within which this shipment should have been delivered. Seven of these nine bales were delivered within a reasonable time; one of the value of $194.94 was lost and never delivered; the ninth and last bale of this shipment was delivered on 29 September, 1920, more than eleven months after shipment was made.

Written claim was filed with the Atlantic Coast Line at Norfolk, Va., on 15 May, 1920, for the loss of the two bales of cotton out of this shipment. On 9 November, 1920, after one of these bales had been delivered, 29 September, 1920, the plaintiffs filed an amended claim crediting the defendants with the value of the bale delivered.

Plaintiffs, Holmes & Dawson, of Norfolk, Va., had an agreement with the delivering carrier, Atlantic Coast Line Railroad Company, that claims for loss, damage or delay should not be made until the end of the cotton season, and, for this reason, plaintiffs delayed until 15 May, 1920, to file claim for loss on said shipment. This agreement, it is alleged, was made for the benefit of the delivering carrier; and therefore, according to plaintiffs' contention, the defendants are now estopped to assert that notice of claim was not filed within the requisite time. Without expressing any opinion on this point, we think there is another ground upon which the plaintiffs are entitled to recover. But see *Rogers v. R. R., post,* 86.

The jury has found that the one bale of this shipment, delivered on 29 September, 1920, was delayed in transit by the negligence of the defendants. This bale is included in the nine mentioned in the third issue. The lost bale is covered by the second issue. True, in the second issue the word "negligently" does not appear, but it is alleged in the complaint "that by reason of the negligent failure of the defendants to deliver the bales of cotton within a reasonable time as required by law, and the negligent failure to deliver the one bale as alleged, the plaintiffs have been damaged," etc. And it is stated in the record that his Honor properly instructed the jury as to the law arising on the evi-

dence. From the evidence there is a presumption of negligence (*Galveston, etc. R. R. Co. v. Wallace,* 223 U. S., 481), and this is entirely unrebutted. The case was tried upon the testimony offered by the plaintiffs, the defendants introducing none.

The liability of a common carrier does not rest in contract alone, but the law imposes a liability also. This latter exists outside of the contract of carriage. It has its foundation in the policy of the law and upon this legal obligation the carrier is charged with the loss of property entrusted to it for transportation. *Merritt v. Earle,* 29 N. Y., 122; *Peanut Co. v. R. R.,* 155 N. C., 148, and cases cited; 4 Elliott on Railroads, sec. 1454.

It is a recognized principle with us, in our liberal system of procedure, that a verdict may be interpreted and allowed significance by proper reference to the pleadings, the evidence and the charge of the court. *Reynolds v. Express Co.,* 172 N. C., 487; *Kannan v. Assad,* 182 N. C., 77.

Applying this principle to the facts of the instant record, we think the action, with respect to the lost bale of cotton, as well as the nine bales delayed in transit, should be construed as an action in tort based on the alleged negligence of the defendants.

Where this is the case, in suits brought for loss or damage in transit of an interstate shipment caused by the carelessness or negligence of the carrier, no notice of claim nor filing of claim is required as a condition precedent to recovery. *Morris v. Express Co.,* 183 N. C., 147; *Mann v. Transportation Co.,* 176 N. C., 105; *Mfg. Co. v. C. and O. Ry. Co.,* 115 S. E. (W. Va.), 877. The pertinent provisions of the "Cummins Act," approved 4 March, 1915, are as follows: *"Provided further that* it shall be unlawful for any such common carrier to provide by rule, contract, regulation or otherwise a shorter period for giving notice of claims than ninety days and for the filing of claims for a shorter period than four months, and for the institution of suits than two years: *Provided, however,* that if the loss, damage or injury complained of was due to delay or damage while being loaded or unloaded, or damaged in transit by carelessness or negligence, then no notice of claim nor filing of claim shall be required as a condition precedent to recovery."

In the provisions of the act preceding the provisos (set out in full in *Mann v. Transportation Co., supra*) the carrier, on receiving property for an interstate shipment, is required to issue a receipt or bill of lading therefor and is made "liable to the lawful holder thereof for any loss, damage, or injury to such property caused by it or by any common carrier to which such property may be delivered," etc.

Reading the second proviso above quoted, in connection with the language contained in the preceding provisions of the act, we think it is

apparent that if the loss, damage, or injury complained of be due to delay in the delivery of such property, or if the property is damaged while being loaded or unloaded, or is damaged in transit by the carelessness or negligence of the defendant, then no notice of claim nor filing of claim is required as a condition precedent to recovery. *Gillette Safety Razor Co. v. Davis,* 278 Fed., 864; *Hailey v. Oregon Short Line R. R. Co.,* 253 Fed., 569.

With the record affording a presumption of negligence, and nothing to explain or to rebut it, we think the plaintiffs' claim for the loss of the one bale of cotton should be held to come within the terms of the statute, which deprives the defendants of any defense arising from the failure of plaintiffs to give notice of claim.

From the foregoing it follows that plaintiffs are entitled to judgment on the sixth issue in accordance with the jury's answer.

It also follows, from what is said above, that plaintiffs are entitled to recover for the loss sustained by reason of the delay of more than eleven months in delivering one of the bales of cotton contained in this shipment of 22 November, 1919.

But the remaining eight bales which go to make up the total of nine bales delayed in transit, and covered by the third issue, were shipped under different bills of lading. Hence they must be considered with reference to other provisions.

On 4 November, 1919, Winstead shipped to Holmes & Dawson fifteen bales of cotton; on 19 November, 1919, he shipped five bales more; and again on 16 January, 1920, he shipped two bales. All these shipments were made from Macclesfield, N. C., to Norfolk, Va. It is agreed that ten days was a reasonable time within which each of these shipments should have been made. Fourteen bales of the shipment made on 4 November, 1919, were delivered within a reasonable time, while one bale of this shipment was not delivered until 20 August, 1920. The five bales shipped on 19 November, 1919, were not delivered until 26 September, 1920; and the two bales shipped on 16 January, 1920, were not delivered until 28 September, 1920. Written claim was filed with the Atlantic Coast Line at Norfolk, Va., on 15 May, 1920, for the loss of said cotton, and changed from claim for loss to claim for delay after actual delivery was made. This suit, as stated above, was instituted on 27 February, 1922.

Each of the three bills of lading covering the last-mentioned shipments contained the following stipulation in regard to time for bringing suit: "Suits for loss, damage or delay shall be instituted only within two years and one day after delivery of the property, or, in case of failure to make delivery, then within two years and one day after a reasonable time for delivery has elapsed."

It is established by the clear weight of authority that the parties to a contract of shipment may fix a given time, shorter than that allowed by the general statute of limitations, within which suit for breach of the contract shall be brought, and, in the absence of any unusual or extraordinary circumstance, such a stipulation, if reasonable, will be enforced. *Thigpen v. R. R.,* 184 N. C., 33, and cases cited.

This being a contract for an interstate shipment, the reasonableness of the stipulation is to be determined by the Federal law. *Adams Express Co. v. Croninger,* 226 U. S., 491. In two cases recently decided the United States Supreme Court has upheld the validity of similar provisions requiring suits to be brought within six months—a much shorter time than that mentioned in the present contract. *Texas and P. R. R. Co. v. Leatherwood,* 250 U. S., 478, and *Missouri K. and T. R. R. Co. v. Harriman,* 227 U. S., 657. In the last case just cited it was said: "Such limitations in bills of lading are very customary and have been upheld in a multitude of cases," citing a number of authorities.

From the foregoing it follows that the stipulation here in question, limiting the time within which suit may be brought to two years and a day, is reasonable and valid.

But plaintiffs say that this suit was brought within two years and one day after delivery of the property. Actual delivery was made in August and September, 1920, and suit was instituted 27 February, 1922. The cotton should have been delivered within ten days—a reasonable time—from date of shipment. This was required by the contract.

In *Georgia F. and A. R. Co. v. Blish Milling Co.,* 241 U. S., 190, 60 L. Ed., 948, it is said that the word "delivery" as here used "must mean delivery as required by the contract, and the terms of the stipulation are comprehensive—fully adequate in their literal and natural meaning to cover all cases where the delivery has not been made as required." See, also, *Mfg. Co. v. C. and O. Ry. Co.* (decided in 1923), 115 S. E. (W. Va.), 877; *Kahn v. Amer. Ry. Express Co.,* 106 S. E. (W. Va.), 126.

In the light of this authoritative interpretation, we think the provision now under consideration must be held to mean that suits for loss, damage or delay shall be instituted only within two years and one day after delivery of the property, when delivered within a reasonable time, or, in case of failure to make delivery within a reasonable time, then within two years and one day after a reasonable time has elapsed. Without regard to the contract of carriage, when a common carrier takes into its possession goods for transportation, the law imposes upon the carrier the duty (1) to transport said goods safely, and (2) to deliver them within a reasonable time. Therefore the stipulation inserted in each

of the instant bills of lading should be interpreted, not only with reference to the language used, but also with regard to the law bearing on the subject of the contracts.

It follows that plaintiffs are not entitled to recover on the last three shipments, involving the eight bales in question, as suit therefor was not brought within the time limited in each of the several contracts. The delay of a part of each of these shipments, in reality, constituted three separate and distinct causes of action; and, as plaintiffs have lost their rights in respect to these causes of action, recovery for the eight bales in question must be denied. There will be a new trial to ascertain the loss sustained by reason of the one delayed bale in the shipment of 22 November, 1919.

On plaintiffs' appeal, error.

On defendants' appeal, new trial.