M.F.A. Mutual Ins. Co. v. Arnell J. Wallace,
SPECIAL ADMINISTRATOR

4606                                          431 S.W. 2d 742

Opinion delivered September 23, 1968

*Wright, Lindsey & Jennings* for appellant.

*Hall & Tucker* and *John F. Lovell, Jr.* for appellee.

Conley Byrd, Justice. Appellant, MFA Mutual Insurance Company, issued simultaneously to Arnell J. Wallace its two separate automobile liability policies, one being policy No. 3-1-876871-001 on a 1962 Pontiac automobile, and the other No. 3-1-876871-002 on a 1960 Buick automobile. Both policies contained uninsured motorist coverage in the amount of $10,000. Mary Ann Wallace, an insured under the policies, was injured in

an uninsured automobile owned by Jerry W. Franklin resulting in her death.    Her medical bills exceeded $12,000.    After suit was filed but prior to trial MFA paid the $10,000 under the uninsured motorist coverage on policy No. 2, but denied liability on the other policy because of the "other insurance clause."    The trial court held that the "other insurance clause" was contrary to Ark. Stat. Ann. § 66-4003 (Repl. 1966) and awarded judgment against MFA for $10,000 on policy No. 1 in favor of Arnell J. Wallace, Special Administrator of the Estate of Mary Ann Wallace, deceased.

The "other insurance clause" in MFA's policy provides:

"5.    Other Automobile Insurance in the Company—With respect to any occurrence, accident, death, or loss to which this and any other automobile insurance policy issued to the named insured or spouse by the Company also applies, the total limit of the Company's liability under all such policies shall not exceed the highest applicable limit of liability or benefit amount under any one policy."

Ark. Stat. Ann. § 66-4003 provides:

"No automobile liability insurance, covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this State with respect to any motor vehicle registered or principally garaged in this State unless coverage is provided therein or supplemental thereto, in not less than limits described in section 27 of Act 347 of 1953 [§ 75-1427], as amended, under provisions filed with and approved by the Insurance Commissioner, for the protection of persons insured thereunder who are legally entitled to recover damages from owners or operators of uninsured motor vehicles because of bodily injury, sickness or disease, including death, resulting therefrom; provided, however, that the coverage required under this section shall not be

applicable where any insured named in the policy shall reject the coverage."

Section 27 of Act 347 of 1953 as amended (Ark. Stat. Ann. § 75-1427 [Supp. 1967]) is that portion of the Motor Vehicle Safety Responsibility Act requiring minimum limits of not less than $10,000 because of bodily injury to or death of one person in any one accident and not less than $20,000 because of bodily injury to or death of two or more persons.

In *Varvil* v. *MFA*, 243 Ark. 692, 421 S.W. 2d 346 (1967), we gave full effect to the "other insurance clause" here involved, as applied to funeral benefits under two automobile liability policies issued by MFA. Appellee concedes that the "other insurance clause" would equally apply here were it not for the statute quoted above.

The cases interpreting uninsured motorist statutes go both ways on the issue of stacking multiple policies covering the same accident or injury, *Safeco Insurance Company* v. *Robey*, 399 F. 2d 330, (8th Cir. 1968). However, in looking at the terms and purpose of our statute, we find that the "other insurance clause" is not repugnant to Ark. Stat. Ann. § 66-4003, *supra*. Here MFA furnished uninsured motorist coverage "in not less than limits described . . ." in the Safety Responsibility Act. Furthermore, since the purpose of the statute is "for the protection of persons insured . . . who are legally entitled to recover damages from owners or operators of uninsured motor vehicles . . ." it is obvious that the statute was not designed to provide the insured with greater insurance protection than would have been available had the insured been injured by an operator with a policy containing the minimum statutory limits required by the Motor Vehicle Safety Responsibility Act, Ark. Stat. Ann. § 75-1427 (Supp. 1967). See *Maryland Casualty Company* v. *Howe*, 106 N.H. 422, 213 A. 2d 420 (1965).

Reversed.