## A. H. BARNHILL, Jr. *v.*
## FARM BUREAU MUTUAL INSURANCE
## COMPANY OF ARKANSAS, INC.

CA 83-333                                      671 S.W.2d 233

### Court of Appeals of Arkansas
### Division I
### Opinion delivered July 5, 1984

*McDaniel, Gott & Wells, P.A.,* by: *Phillip Wells,* for appellant.

*Barrett, Wheatley, Smith & Deacon,* for appellee.

MELVIN MAYFIELD, Chief Judge. This is an appeal from a declaratory judgment action. The appellant owned four motor vehicles. The appellee issued a comprehensive automobile policy providing insurance coverage on each vehicle, and appellant paid separate premiums for uninsured motorist coverage in the minimum amount of

$10,000.00 per person for each vehicle.

While driving one of the insured vehicles, the appellant was seriously injured in an accident with an uninsured motorist. Seeking to recover as much of his expense and damage as possible, appellant claimed coverage under each of the four policies. Based upon the pleadings and briefs of counsel the trial court entered a judgment declaring that appellant could not "stack" the uninsured motorist coverage but could recover the limits on only one coverage. We do not agree.

The policy in question contained an "other insurance" clause which provided:

[I]f the insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the Company shall not be liable for a greater proportion of any loss to which this Coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance.

Appellant contends that this "other insurance" clause does not apply to other uninsured motorist policies issued by the *same company* and, therefore, cannot limit his uninsured motorist coverage to $10,000.00. Appellee, however, relies on *M.F.A. Mutual Ins. Co. v. Wallace*, 245 Ark. 230, 431 S.W.2d 742 (1968), which it claims takes a "position" against stacking in Arkansas. We do not believe *Wallace* supports the appellee's contention in this regard.

In *Wallace,* the Arkansas Supreme Court simply held that a clause in an automobile insurance policy which limited the company's liability to the maximum limits of any one policy was not *repugnant* to the Arkansas uninsured motorist statute, Ark. Stat. Ann. § 66-4003 (Repl. 1980). The particular clause the court considered in *Wallace* provided:

5. Other Automobile Insurance *in the Company* —

> With respect to any occurrence, accident, death, or loss to which this and any other automobile insurance policy issued to the named insured or spouse *by the Company* also applies, the total limit of the Company's liability under all such policies shall not exceed the highest applicable limit of liability or benefit amount under any one policy. [Emphasis added.]

Thus, it can be readily seen that *Wallace* only validated a clause in a policy that limited the company's contractual liability to the minimum required by law. It does not *prohibit* stacking.

*Wallace* was considered by the United States District Court for the Western District of Arkansas in *Woolston* v. *State Farm Mutual Ins. Co.*, 306 F. Supp. 738 (W.D. Ark. 1969), where two policies had been issued by the same company. The court said the "other insurance clauses" in each policy would give it no trouble in a situation involving two or more companies but it had "considerable difficulty in this case because only one insurance company is involved." The court pointed out that this problem was not before the Supreme Court of Arkansas in the *Wallace* case because "the 'other insurance clause' in that case specifically referred to other insurance issued to the named insured or his spouse 'by the company'." The court explained the problem in the case before him in this way:

> In a context other than uninsured motorist coverage, an insured is entitled to recover his total loss up to the limits of all available, valid coverage, and the loss is then prorated between or among his insurers on the basis of the proportion of the insurance provided by each to the total coverage provided by both or all. In such a case if the insured has two policies issued by the same company there is no practical point in the company prorating the loss between its two policies; it simply pays the loss up to the limits of both policies. Thus, in the conventional situation the "other insurance clause" in a particular policy ordinarily assumes the existence of other insurance issued by another insurance company.

> As has been pointed out, however, defendant's policy provisions seek not only to prorate the loss but also to fix the limit thereof; and the defendant seeks to limit its liability under each of its policies by reference to the limits of its other policy on the theory that the other policy is "other insurance."

The court went on to find the "other insurance clause" ambiguous, that it must be construed most strongly in favor of the insured, and that stacking should be allowed.

In *Dugal* v. *Commercial Standard Insurance Co.*, 456 F. Supp. 290 (W.D. Ark. 1978), the federal district court had a case with an "other insurance" clause identical to the one in the instant case. In that case, the insured's two-year-old daughter was killed when she was riding on a tractor with her grandfather and was struck by a car being driven by an uninsured motorist. The child's father had a policy that provided uninsured motorist coverage for twelve separate vehicles and he had paid a premium calculated on each one. The court considered whether the "other insurance" clause limited the company's liability to $5,000 or whether it could be interpreted to provide a $5,000 limit for each policy, thereby providing maximum coverage of $60,000. After a comprehensive review of Arkansas law, the court concluded that the appellant should recover under each uninsured motorist policy because premiums had been paid by the insured for each policy. The court said:

> Had [the insurance company] wished to preclude any "stacking" under these decisions, it had merely to follow the language used in the *Wallace* policies. Having failed to do so, it must suffer the consequences of the language of the policy being construed against it, the exact language of the policy having previously been held ambiguous.

We think the *Woolston* and *Dugal* opinions are sound and persuasive. Our attention has not been called to an Arkansas appellate court case that reaches a different result in the same factual situation.

The appellee says, however, that the "other insurance clause" is not the only clause that excludes stacking, and that the "Limits of Liability" section does the same thing with this provision:

> Regardless of the number of automobiles to which this policy applies, the limit for uninsured motorist coverage stated in the declarations as applicable to each accident is the total limit of the company's liability for all damages because of bodily injury sustained by any one or more persons as the result of any one accident.

The appellant's answer is that the above provision does not prevent stacking in this case because, first, he paid four separate premiums for the uninsured motorist coverage on his four vehicles. He points to the policy provision that states "When two or more automobiles are insured hereunder the terms of this policy shall apply separately to each. . . ." It is appellant's contention that this provision and the fact that he paid separate premiums for the coverage on each vehicle precludes the appellee from claiming that the limit for one coverage applies "regardless of the number of automobiles to which this policy applies." We agree.

The appellant also points out that appellee is really arguing "regardless of the number of *insured* automobiles to which this policy applies" but the contract provision leaves out the word "insured" and thus appellee's argument falls. Other points are made by appellant but we need not discuss them as we agree that the provision of the "Limits of Liability" section relied upon by the appellee does not prevent "stacking" the coverages for the four vehicles involved.

We reverse and remand for proceedings consistent with this opinion.

Cooper and Cloninger, JJ., agree.