FARM BUREAU MUTUAL INSURANCE COMPANY OF ARKANSAS, INC. *v.* A.H. BARNHILL, Jr.

84-178                                          681 S.W.2d 341

Supreme Court of Arkansas
Opinion delivered December 17, 1984

*McDaniel, Gott & Wells, P.A.,* by: *Phillip Wells,* for respondent.

*Barrett, Wheatley, Smith & Deacon,* for petitioner.

GEORGE ROSE SMITH, Justice. The plaintiff below, A.H. Barnhill, Jr., had a liability insurance policy issued by Farm Bureau, covering Barnhill's four cars. The policy provided that its terms applied separately to each vehicle. Barnhill was seriously injured in a collision with an uninsured motorist. The policy contained the required minimum uninsured-motorist coverage of $10,000.

Barnhill brought this suit for a declaratory judgment permitting him to stack the four coverages, so that he could recover up to $40,000 to apply to his damages. The circuit court held that the policy did not allow stacking, but the Court of Appeals reversed. *Barnhill* v. *Farm Bureau Mutual Ins. Co.,* 12 Ark. App. 123, 671 S.W.2d 233 (1984). We granted the insurer's petition for review to be certain that the reversal was not contrary to our holding in *M.F.A. Mutual Ins. Co.* v. *Wallace,* 245 Ark. 230, 431 S.W. 2d 742 (1968). We agree with the Court of Appeals.

The significant difference between the other-insurance clauses in the two cases is that in *M.F.A. Mutual* the clause referred specifically to other insurance issued by the same company, the language being as follows:

> With respect to any occurrence . . . to which this and any other automobile insurance policy issued to the named insurer or spouse *by the Company* [our italics] also applies, the total limit of the Company's liability under all such policies shall not exceed the highest applicable limit . . . under any one policy.

We did say that the statute was not designed to provide greater protection than would have been available had the insured been injured by an operator with a policy containing the minimum $10,000 statutory limit, but that reasoning does not preclude an insurance company from selling more than the minimum protection if it chooses to do so.

That is the situation here, the other-insurance clause reading as follows:

> [I]f the Insured has other similar insurance available to him and applicable to the accident, the damages shall be deemed not to exceed the higher of the applicable limits of liability of this insurance and such other insurance, and the Company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder

bears to the sum of the applicable limits of liability of this insurance and such other insurance.

Farm Bureau argues that although it charged a separate premium for each of the four vehicles covered by the policy, and although the terms of the policy were to apply separately to each vehicle, the quoted other-insurance clause precludes Barnhill from stacking the coverages that would otherwise exist.

We cannot agree. The other-insurance clause is undoubtedly ambiguous. That is, the holder of a policy such as this one could not be expected to realize that the reference to the limits of liability "of this insurance and such other insurance" includes not only a policy issued by a different company but also the very policy he was reading, so that its multiple coverage would be "other" insurance. Certainly the policy does not state in plain terms the meaning that the company would have us give to it. There being an ambiguity, the doubt must be resolved in favor of the insured.

The question now presented has already been decided by two federal judges who were endeavoring to apply the law of Arkansas. *Dugal* v. *Commercial Standard Ins. Co.*, 456 F. Supp. 290 (W.D. Ark., 1978); *Woolston* v. *State Farm Mutual Ins. Co.*, 306 F. Supp. 738 (W.D. Ark., 1969). *Woolston* involved another Farm Bureau other-insurance clause identical to the one now before us. Both federal judges distinguished our holding in the *Wallace* case in the same way we have done and decided the issue in favor of the insured. We agree with those decisions, which have been fairly interpreted in a recent Survey of Arkansas Law, 3 UALR L.J. 145, 244 (1980):

> After *Dugal* it is clear that both the Arkansas Supreme Court and the federal courts sitting in Arkansas will construe the "other insurance" clause to include the stacking of damage awards from more than one insurer. In order to be certain that the clause will also apply to other policies issued by the same company, the insurers must clearly define the term "other insurance"

to include other insurance provided by the same company. Careful drafting will prevent stacking of policies issued to one insured by one company.

The other matters argued by Farm Bureau have been fully answered by the Court of Appeals and need not be re-examined.

Affirmed.

PURTLE, J., dissents.

JOHN I. PURTLE, Justice, dissenting. The majority opinion leaves the trial courts out on a limb. It seems that no matter which way a trial court rules the appellate court is going to reverse. This rule obviously applies only in insurance coverage cases. In the present case the majority makes a hairline distinction which I cannot perceive. I believe *M.F.A. Mutual Insurance Co. v. Wallace,* 245 Ark. 230, 431 S.W.2d 742 (1968) is sound and logical as well as legally correct. Certainly the spirit of the uninsured motorist protection statute, Ark. Stat. Ann. § 66-4003 (Repl. 1980) is to provide minimum protection at a reasonable cost to the residents of Arkansas. M.F.A. issued its policy to Wallace and included the phrase, ". . . the total limit of the company's liability under all such policies shall not exceed the highest applicable limit of liability or benefit amount under any one policy." The Farm Bureau policy here in question contained the other insurance clause which in part states: ". . . and the Company shall not be liable for a greater proportion of any loss to which this coverage applies than the limit of liability hereunder bears to the sum of the applicable limits of liability of this insurance and such other insurance." Both clauses clearly were intended to limit the liability to the requirement of the Arkansas Motor Vehicle Safety Responsibility Act. I do not think it makes any difference whether the coverage afforded was by the same company or another company. One is no more ambiguous than the other because they convey the same central thought that only one policy limit applies and if there is other coverage the policies are prorated.

This is a statutorily mandated coverage and the purpose of the Act is to protect those who are injured by uninsured motorists. The limits are contained in the statute. The burden should not be placed upon the insurance companies to prove that the coverage offered to policyholders is not in accordance with the statute. In *Wallace,* supra, we reversed the trial court for stacking coverages. In *Harris* v. *Southern Farm Bureau Casualty Ins. Co.,* 247 Ark. 961, 448 S.W.2d 652 (1970) we prevented stacking of two insurance policies (different companies) and relied on *Wallace.*

In the present case the trial court followed precedent, or so he thought, and disallowed stacking. Now he is reversed. I will not hazard a guess as to which way we will hold next. The policies here in question contained another clause which limited uninsured motorist protection to one policy limit "regardless of the number of automobiles to which this policy applies." The policies here at issue are clearly in accord with Arkansas law and plainly limit coverage to one limit per person regardless of the number of policies available to each vehicle. I agree with the trial court.