The HOME INDEMNITY COMPANY *v.* CITY OF MARIANNA, Arkansas, et al.

88-196                                                761 S.W.2d 171

Supreme Court of Arkansas
Opinion delivered December 5, 1988
[Rehearing denied January 9, 1989.]

*Lovett Law Firm.*, by: *Tom F. Lovett* and *Brian P. Boyce*, for appellant.

*Daggett, Van Dover, Donovan & Cahoon*, by: *Robert J. Donovan,* for appellees.

TOM GLAZE, Justice. The appellee has been (and continues to be) involved in defending a federal lawsuit wherein a group of black voters charged that the appellee's city boundaries violated the Voting Rights Act of 1965 and the one man, one vote rule.[1] This state litigation ensued in connection with determining whether the appellant or others had the obligation to defend the federal lawsuit. After several hearings and appeals, we affirmed the Lee County Circuit Court's decision which held that under the terms of a public officials error and omissions liability policy (E & O policy) issued to appellee, appellant was obligated to defend appellee's interests in the federal suit. *See Home Indemnity Co.* v. *City of Marianna*, 291 Ark. 610, 727 S.W.2d 375 (1987); *see also City of Marianna* v. *Arkansas Municipal League*, 291 Ark. 74, 722 S.W.2d 578 (1987); *City of Marianna* v. *Arkansas Municipal League*, 289 Ark. 473, 712 S.W.2d 305 (1986).

Upon the court's last remand of this cause, the parties encountered a further dispute concerning the terms of the E & O policy, *viz.*, whether the appellant was required, under a supplementary payments provision, to pay all costs taxed against the insured, the appellee, in the federal lawsuit.[2] In holding the appellant was obligated to pay the costs taxed against appellee, the trial court further awarded appellee the sum of $100,675.62 for the appellee's cost of defending the federal suit and the sum of $70,906.62 for the costs the federal court assessed against appellee for attorneys' fees awarded the plaintiffs who instituted, and prevailed in, the federal suit. In this appeal, appellant claims the trial court erred in finding the supplemental payments provision was a part of the coverage given appellee under the E & O policy. It further contends the trial court was wrong in finding that the attorneys' fees, incurred by the appellee in defending the federal litigation, were reasonable and that the court improperly

---

[1] While the style of this case shows that there are additional appellees besides the City of Marianna, the issues addressed in this case apply only to the City and therefore we refer to the singular, appellee. The City appealed after the trial court entered judgment under ARCP Rule 54(b).

[2] In this respect, the federal court, under 42 U.S.C.A. § 1988 (1981), awarded attorneys' fees as a part of costs and it is undisputed in this appeal that this provision, standing alone, would obligate appellant to pay attorneys' fees assessed against the appellee.

relied upon oral testimony when determining the reasonableness of those fees since the fees issue was submitted pursuant to a motion for summary judgment. We affirm the trial court in all respects.

Appellant first argues the E & O policy issued to appellee should not be read to include the supplemental payments provision, which requires the appellant to pay all the costs taxed against the appellee for defending the federal suit. Undisputably, some confusion existed as to coverage, due to the manner in which the E & O policy was issued. James L. Winchell, claims adjuster for the appellant, opined that the policy jacket, which was attached to and contained the E & O policy, was one which related to a general liability policy — a policy that covers bodily injury or property damage. However, the policy jacket, on its face, specified the appellee as the insured and reflected the premium payment paid for E & O coverage under policy number GL1396972. The jacket also contained a supplementary payments provision which stated that, in addition to the policy's limit of liability, appellant was obligated to pay all costs taxed against the appellee in any suit the appellant defended on the appellee's behalf. The confusion arose in this matter when both an attachment and an amendatory endorsement were added and made a part of the policy. The first attachment, entitled "coverage part," contained another supplementary payment provision but, unlike the jacket's provision, it provided the payments would not be in addition to the policy limits. Subsequently, an amendatory endorsement was added and it specifically replaced the supplementary payments provisions *in the attachment* and provided that "supplementary payments do not apply to insurance afforded by this coverage part." While the amendatory endorsement clearly amended or cancelled any supplemental payments provision in the E & O coverage attachment, the endorsement made no mention of the supplemental provision set forth in the jacket policy. Thus, the question arose as to whether the amendatory endorsement voided both supplemental payments provisions contained in the policy jacket and the first attachment even though the endorsement failed to refer to the one contained in the jacket.

We recognize that a contract of insurance is to be construed like other contracts, with the different clauses read

together and an interpretation given that would harmonize all parts. *See Continental Casualty Co.* v. *Davidson*, 250 Ark. 35, 463 S.W.2d 652 (1971). However, an interpretation that will harmonize all parts is not always possible when there is ambiguity in the insurance policy because of two conflicting provisions. It is also established law in our state that provisions contained in a policy of insurance must be construed most strongly against the insurance company which prepared it, and if a reasonable construction may be given to the contract which would justify recovery, it is the duty of the court to do so. *See Drummond Citizens Ins.* v. *Sergeant*, 266 Ark. 611, 588 S.W.2d 419 (1979). Further, this court has held that if there is doubt or uncertainty as to the policy's meaning and it is fairly susceptible of two interpretations, one favorable to the insured and the other favorable to the insurer, the former will be adopted. *Id.*

■ The appellant's own witness, Mr. Winchell, agreed that the language contained in the amendatory endorsement was confusing when trying to determine whether that endorsement was intended to affect the supplemental payments provision set out in the policy jacket. Winchell attributed this confusion to the wrong policy jacket, i.e., a general liability form, being placed on the E & O policy by appellant's own employee. From the evidence, it is clear the appellee had nothing to do with causing the existing confusion that resulted from the appellant's own mistake when issuing the E & O policy. Unquestionably, an ambiguity exists when one tries to reconcile the various conflicting provisions that were made a part of appellee's E & O policy, and in applying the controlling principles set out in our cases cited above, we construe the policy provisions most strongly against the appellant. Accordingly, we are unable to say that the trial court was clearly erroneous in finding that the appellee was entitled to supplementary payments under the terms of the E & O policy issued to it by the appellant. *See Burdette* v. *Madison*, 290 Ark. 314, 719 S.W.2d 418 (1986).

Appellant also challenges the reasonableness of the attorneys' fees awarded to the appellee. In the same connection, appellant argues that the trial judge improperly relied upon oral testimony given by witnesses for the appellee and that such testimony should not have been considered because the matter was before the court on a motion for summary judgment.

Appellant cites the case of *Montgomery Ward & Co.* v. *Credit*, 274 Ark. 66, 621 S.W.2d 855 (1981), for the proposition that there is no provision for taking oral testimony in the matter of a summary judgment. Appellant does not contest the sufficiency of the oral testimony, but it contends that without the testimony of the appellee's witnesses, there was insufficient proof that the attorneys' fees were reasonable.

We cannot agree that the issue concerning attorneys' fees was before the trial court by way of a summary judgment motion. The appellee had filed both a summary judgment motion and a second amended supplemental complaint seeking monetary judgments for attorneys' fees and the costs assessed against it. When the hearing in question commenced, the appellee's attorney made the following statement: "We are here this morning on a hearing on outstanding motions *or a second amendment to the supplemental complaint* that was in the file." (Emphasis added.) The appellant never objected to counsel's statement nor did it object to the testimony subsequently given by appellee's witnesses. It is obvious that the appellant realized there were disputed facts to be resolved in the hearing that morning. In fact, appellant offered the testimony of Winchell to show that the E & O policy did not require the payment of any costs assessed against the city. From our review of the record, it is readily apparent that the trial judge conducted a hearing on the appellee's complaint.

For the reasons set out above, we affirm the trial court's findings and decisions.