Joyce Cook FERGUSON, Executrix of the Estate of Carter Ware Ferguson *v.* THE ORDER OF UNITED COMMERCIAL TRAVELERS OF AMERICA

CA 90-218                                    814 S.W.2d 267*

Court of Appeals of Arkansas
En Banc
Supplemental Opinion on Denial of Rehearing July 3, 1991†

---

* Judge Jennings' dissent appears at 811 S.W.2d 768.

†Cracraft, C.J., Jennings, and Rogers, JJ., would grant rehearing. The original opinion was not designated for publication.

*George H. Bailey*, for appellant.

*John E. Moore*, for appellee.

■ MELVIN MAYFIELD, Judge. In an unpublished opinion issued by this court on April 3, 1991, a division of three judges reversed the trial court's order granting the appellee's motion for summary judgment. The appellee filed a motion for rehearing which three of the six judges of the court have voted to deny. Thus, the petition for rehearing, having not been granted by a majority of the court, is denied. *See* Ark. Code Ann. § 16-12-114 (1987). Because the judges are equally divided on the petition for rehearing and because the original opinion was not published, we issue this supplemental opinion.

The appellee is a fraternal benefit society incorporated under the laws of Ohio and licensed to do business in Arkansas. The appellant is a resident of Arkansas and the widow and executrix

of the estate of Carter Ware Ferguson who died in Pulaski County, Arkansas, on February 4, 1984. On August 27, 1973, the appellee issued a certificate of insurance to Mr. Ferguson providing for the payment of $20,000.00 in the event of his accidental death. In November of 1983, Ferguson was struck by an automobile and sustained injuries which were the alleged cause of his death on February 4, 1984. The appellant furnished the appellee a written proof of loss on February 27, 1984, but the appellee denied liability on the grounds that Mr. Ferguson's death was not accidental. Appellant filed suit on February 2, 1989, alleging that Ferguson's death was accidental and that the $20,000.00 was due and payable.

The appellee filed an answer and a motion to dismiss which alleged that appellant's suit was barred by limitations. After the motion to dismiss was denied, the appellee filed the motion for summary judgment which was granted. No affidavits were filed in support of the motion which stated that it relied upon the matters filed of record. Except for responses to requests for admissions which agreed that the exhibited certificate of insurance and proof of loss were true and accurate copies, nothing was filed of record other than the pleadings and motions. A response to the motion for summary judgment was filed by the appellant and each side submitted briefs. The trial court's order simply granted the motion and dismissed the appellant's complaint.

The appellee's argument in the trial court and on appeal is based upon paragraph 11 of a section of the provisions of the certificate of insurance. The pertinent part of the paragraph states:

> No action at law or equity shall be brought to recover on this certificate . . .after the expiration of three years after the time written proof of loss is required to be furnished.

Since the record shows that this suit was filed more than three years after the proof of loss was furnished, the appellee claims the trial court was correct in granting the motion for summary judgment. The appellant, however, stated in her response to the motion for summary judgment, and it is her argument on appeal, that paragraph 4 of the section of the certificate entitled "Addi-

tional Provisions" prevails over the above paragraph 11. Paragraph 4 provides:

> Any provision of this certificate which, on its effective date, is in conflict with the statutes of the state in which the member resides on such date, is hereby amended to conform to the minimum requirements of such statutes.

Appellant argues that it was error for the court to grant summary judgment on the basis that the three-year period of limitation provided in the certificate barred the action. She contends paragraph 11 of the certificate, which purports to limit the bringing of legal action on the certificate to a period of three years, was expressly waived by paragraph 4 which provides for conformity of the policy to the minimum statatutory provisions of the certificate holder's state of residence. It is the appellant's position that in Arkansas the minimum period of limitations for bringing suit on a written contract is five years as fixed by Ark. Code Ann. § 16-56-111 (1987). She says that if paragraph 4 of the certificate of insurance does not constitute an express waiver of the period of limitations set out in paragraph 11, the conflicting clauses in the certificate create an ambiguity which presents a question of fact to be decided.

Summary judgment is an extreme remedy which should only be granted when it is clear that there is no issue of fact to be litigated. *Johnson* v. *Stuckey & Speer, Inc.*, 11 Ark. App. 33, 665 S.W.2d 904 (1984). Motions for summary judgment are governed by some well-established principles of law. In *Walker* v. *Stephens*, 3 Ark. App. 205, 626 S.W.2d 200 (1981), we summarized:

> On such motions the moving party has the burden of demonstrating that there is no genuine issue of fact for trial and any evidence submitted in support of the motion must be viewed most favorably to the party against whom the relief is sought. Summary judgment is not proper where evidence, although in no material dispute as to actuality, reveals aspects from which inconsistent hypotheses might reasonably be drawn and reasonable men might differ. *Henricks* v. *Burton*, 1 Ark. App. 159, 613 S.W.2d 609 (1981); *Dodrill* v. *Arkansas Democrat Co.*, 265 Ark. 628,

590 S.W.2d 840 (1979); *Braswell* v. *Gehl*, 263 Ark. 706, 567 S.W.2d 113 (1978). The object of summary judgment proceedings is not to try the issues, but to determine if there are any issues to be tried, and if there is any doubt whatsoever the motion should be denied. *Trace X Chemical, Inc.* v. *Highland Resources, Inc.*, 265 Ark. 468, 579 S.W.2d 89 (1979); *Ashley* v. *Eisele*, 247 Ark. 281, 445 S.W.2d 76 (1969). A motion for summary judgment cannot be used to submit a disputed question of fact to a trial judge. *Griffin* v. *Monsanto Co.*, 240 Ark. 420, 400 S.W.2d 492 (1966).

3 Ark. App. at 210. On motion for summary judgment, the court is authorized to ascertain the plain and ordinary meaning of a written instrument "after any doubts are resolved in favor of the party moved against," and if there is any doubt about the meaning, there is an issue of fact to be litigated. *Brooks* v. *Renner & Co. Inc.*, 243 Ark. 226, 228, 419 S.W.2d 305 (1967). When the intent of the parties as to the meaning of a contract is in issue, summary judgment is particularly inappropriate. *Camp* v. *Elmore*, 271 Ark. 407, 609 S.W.2d 86 (Ark. App. 1980).

Certain principles regarding contracts of insurance are also well settled. In *Home Indemnity Co.* v. *City of Marianna*, 297 Ark. 268, 761 S.W.2d 171 (1988), the Arkansas Supreme Court stated:

We recognize that a contract of insurance is to be construed like other contracts, with the different clauses read together and an interpretation given that would harmonize all parts. However, an interpretation that will harmonize all parts is not always possible when there is ambiguity in the insurance policy because of two conflicting provisions. It is also established law in our state that provisions contained in a policy of insurance must be construed most strongly against the insurance company which prepared it, and if a reasonable construction may be given to the contract which would justify recovery, it is the duty of the court to do so. Further, this court has held that if there is doubt or uncertainty as to the policy's meaning and it is fairly susceptible of two interpretations, one favorable to the insured and the other favorable to the

insurer, the former will be adopted.

297 Ark. at 271-72 (citations omitted).

■ Appellee contends that it is a fraternal benefit society exempt by statute from the regular insurance statutes and governed only by Title 23, Chapter 74 of the Arkansas Code. *See* Ark Code Ann. § 23-74-103 (1987). Therefore, the appellee argues that paragraph 11 of its certificate of insurance does not conflict with the five-year general statute of limitations for actions on written policies (which has been in force since the late 1800's), because Ark. Code Ann. § 23-74-121(c)(1) (1987), applicable to fraternal benefit societies, provides that no life benefit certificate shall contain "any provision limiting the time within which any action at law or in equity may be commenced to less than two (2) years after the cause of action shall accrue." In fact, the appellee says that its contract could have provided that no cause of action could be maintained *two* years after proof of loss was furnished and still it would not conflict with Arkansas' minimum requirement for limitation periods for actions on contracts issued by fraternal benefit societies. The problem with that argument is that Ark. Code Ann. § 23-74-121(c)(1) *does not fix* the period of limitations on policies issued by fraternal benefit societies. It simply provides that "no life benefit certificate" of a fraternal benefit society shall fix the period of limitations at less than two years.

■■ Thus, the provision in paragraph 11 of the certificate in this case limiting an action to three years after written proof of loss is furnished does appear to conflict with the minimum period of five years which Ark. Code Ann. § 16-56-111 provides for bringing an action on a written contract. This results from the fact that there is no minimum period provided for in the Arkansas statutes governing suits on policies issued by fraternal benefit societies. The provision in Ark. Code Ann. § 23-74-121(c)(1) only provides for the minimum period that the certificates issued by the societies may contain. At the very least, the appellee's certificate is ambiguous as to the period within which suit on the certificate may be brought. The appellant says that paragraph 4 waived the requirements of paragraph 11, and since this suit was filed within five years after the death of Mr. Ferguson, it was filed within the minimum requirements of Arkansas' general statute of

limitations on written contracts. According to *Home Indemnity Company* v. *City of Marianna, supra,* we must construe an insurance policy most strongly against the insurer and in favor of recovery. When we consider the certificate of insurance in this case in that light, we conclude that under the record before us the certificate is ambiguous as to the prevailing period of limitation, and the intent of the parties is a question of fact that should not have been decided by summary judgment.

The petition for rehearing is denied and this case is reversed and remanded.

CRACRAFT, C.J., JENNINGS and ROGERS, JJ., would grant the petition for rehearing and affirm the trial court's action.

JOHN E. JENNINGS, Judge, dissenting.* I would grant the petition for rehearing. In my view the case turns on two provisions contained in the policy and two statutes of this state. The policy provided:

> No action at law or equity shall be . . . brought after the expiration of three years after the time written proof of loss is required to be furnished.

The policy also stated:

> Any provision of this certificate which, on its effective date, is in conflict with the statutes of the state in which the member resides on such date, is hereby amended to conform to the minimum requirements of such statutes.

Arkansas Code Annotated Section 16-56-111 (Supp. 1989) is the general statute of limitations for notes, contracts, and other instruments in writing. It provides that suit must be brought within five years after the date the cause of action accrues. Also applicable at the time was Ark. Code Ann. § 23-74-121 (1987),[1] which specifically dealt with fraternal benefit societies, like the appellee here, and provided in pertinent part:

> (c)   No life benefit certificate shall be delivered or issued for delivery in this state containing in substance any of the following provisions: (1) any provision limiting the time

---

* 811 S.W.2d 768.

[1] This section was repealed by Act 881 of 1989, effective January 1, 1990.

within which any action at law or in equity may be commenced to less than two (2) years after the cause of action shall accrue; . . . .

The general rule, in Arkansas and elsewhere, is that a contractual provision limiting the period of time within which suit may be brought to a period shorter than the general statute of limitations is valid, unless the provision violates a statute or public policy or is unreasonably short. *See Dwelling House Ins. Co.* v. *Brodie,* 52 Ark. 11, 11 S.W. 1016 (1889) (six-month contractual limitation to sue on insurance policy held valid); *Hafer* v. *St. Louis Southwestern Ry. Co.,* 101 Ark. 310, 142 S.W. 176 (1911) (six-month limitation contained in contract with common carrier upheld); 51 Am. Jur. 2d *Limitation of Actions* § 64 (1970). When a contract is unambiguous, its construction is a question of law for the court. *C.& A. Constr.* v. *Benning Constr. Co.,* 256 Ark. 621, 509 S.W.2d 302 (1974); *West* v. *Todd,* 207 Ark. 341, 180 S.W. 2d 522 (1944); *Floyd* v. *Otter Creek Homeowners Ass'n,* 23 Ark. App. 31, 742 S.W. 2d 120 (1988). Furthermore, the initial determination of whether or not a contract is ambiguous rests with the court. *C. & A. Constr. Co., supra.* In the case at bar, I fully agree with the trial court that the contract is not ambiguous. In seeking to harmonize different clauses of a contract, we should not give effect to one to the exclusion of another even though they seem conflicting or contradictory, nor should we adopt an interpretation which neutralizes a provision if the various clauses can be reconciled. *RAD-Razorback Ltd. Partnership* v. *B.G. Coney Co.,* 289 Ark. 550, 713 S.W.2d 462 (1986); *Floyd* v. *Otter Creek Homeowners Ass'n,* 23 Ark. App. 31, 742 S.W.2d 120 (1988). The object is to ascertain the intention of the parties, not from particular words or phrases, but from the entire context of the agreement. *Wynn* v. *Sklar & Phillips Oil Co.,* 254 Ark. 332, 493 S.W.2d 439 (1973); *Fowler* v. *Unionaid Life Ins. Co.,* 180 Ark. 140, 20 S.W.2d 611 (1929).

Here, the contract provided that suit must be brought within three years. As we have seen, such provisions are ordinarily valid. The provision did not conflict with Ark. Code Ann. § 23-74-121(c)(1), which provided that fraternal benefit societies may not deliver certificates of insurance which limit the time for filing suit to less than two years.

As I understand it, the ambiguity seen by those judges who vote to deny the petition for rehearing involves the five-year general statute of limitations, Ark. Code Ann. § 16-56-111. However, the supreme court has held that a general statute does not apply when there is a specific statute covering a particular subject matter. *Cogburn* v. *State,* 292 Ark. 564, 732 S.W.2d 807 (1987). *See also Williams* v. *City of Pine Bluff,* 284 Ark. 551, 683 S.W.2d 923 (1985); *Valley Nat'l Bank* v. *Stroud,* 289 Ark. 284, 711 S.W.2d 785 (1986); *Thomas* v. *Easley,* 277 Ark. 222, 640 S.W. 2d 797 (1982). Finally, for cases in which summary judgments were affirmed under virtually identical circumstances, see *Stroud* v. *Northwestern Nat'l Ins. Co.,* 360 So.2d 528 (La Ct. App. 1978), and *S.E.A. Towing Co.* v. *Great Atl. Ins. Co.,* 688 F.2d 1000 (5th Cir. 1982).

I respectfully dissent from the denial of the petition for rehearing.

CRACRAFT, C.J., and ROGERS, J., join in this dissent.