Carolyn ROSS *v.*
UNITED SERVICES AUTOMOBILE ASSOCIATION

94-444                                             899 S.W.2d 53

Supreme Court of Arkansas
Opinion delivered May 22, 1995
[Rehearing denied June 26, 1995.*]

*Special Justices Ann Parker and Timothy Grooms, join. Holt, C.J., and Newbern, J., not participating.

*Nolan, Caddell & Reynolds, P.A.*, by: *Bennett S. Nolan*, for appellant.

*Daily, West Core, Coffman & Canfield*, by: *Jerry L. Canfield*, for appellee.

ANDREE LAYTON ROAF, Justice.

This is an insurance case that requires us to interpret our underinsured motorist statute, Ark. Code Ann. § 23-89-209 (Repl. 1992), and the amount of recovery an insured is entitled to when underinsured coverage is implied by operation of law.

Carolyn Ross, appellant, was in a motor vehicle accident on March 24, 1992, involving another vehicle operated by Michael Ceola. Ceola was apparently at fault. Ceola was insured with Liberty Mutual Insurance which had a $25,000 liability limit available to Ross for the accident. Ross was insured at the time by United Services Automobile Association, appellee, under a single policy covering four family vehicles with liability limits of $100,000 per person and uninsured motorist coverage of

$100,000 per person. Her policy contained anti-stacking language with regard to the uninsured motorist coverage. An informational form accompanying the policy and discussing underinsured motorist coverage provided that it was "optional but if ordered must equal your UM-BI limits, is available in limits of $50,000/100,000 or above."

Under our holdings in *Shelter Mutual Insurance Company* v. *Irvin*, 309 Ark. 331, 831 S.W.2d 125 (1992), and *Shelter Mutual Insurance Company* v. *Bough*, 310 Ark. 21, 834 S.W.2d 637 (1992), underinsured coverage will be implied by operation of law when there is not a signed rejection of the coverage. There was no signed rejection for the coverage in this case so coverage was implied, and United does not dispute that matter.

The point of contention is how much coverage Ross would receive. She claimed damages of $850,000, but United refused to pay more than $25,000. Ross brought suit against United and United moved for summary judgment alleging that under the underinsured motorist statute, the maximum it was required to pay, where coverage is implied by law, is $25,000. The trial court agreed and granted summary judgment to United.

Ross appeals from that judgment making two arguments: first, she argues that when our underinsured statute is implied by operation of law the insured will be covered to the extent of her injuries, pursuant to the statute; or that coverage should be implied in the amount equal to her liability and uninsured coverages of $100,000, or in the minimum amount available at that time through United of $50,000, pursuant to her policy. She also argues alternatively that she should have been allowed to stack coverage for her three other vehicles insured under the same policy in the amounts of $25,000, $50,000 or $100,000 per vehicle, depending on the resolution of the amount to be implied. We reverse the trial court's award of summary judgment on the issue of stacking.

## LIMIT FOR IMPLIED COVERAGE
## UNDER ARK. CODE ANN. § 23-89-209

Ark. Code Ann. § 23-89-209 is our underinsured motorist statute and United does not argue that the coverage is not implied in this case. As previously noted, we held in *Irwin*,

*supra*, and *Bough, supra*, that the underinsured motorist coverage required to be offered under that statute would be implied by law when the insurance company failed to get a written rejection of the coverage.

The only issue in the case is the amount of coverage that should be implied under § 23-89-209, which provides in pertinent part:

> The coverage shall enable the insured or the insured's legal representative to recover from the insurer the amount of damages for bodily injury or death to which the insured is legally entitled from the owner or operator of another motor vehicle. *Underinsured motorist coverage shall be at least equal to the limits prescribed for bodily injury or death under § 27-19-605.* (Emphasis added.)

Section 27-19-605 is part of the Motor Vehicle Safety Responsibility Act, and requires $25,000 minimum liability coverage for bodily injury or death. Ross argues she should be able to recover up to the total extent of her damages pursuant to the first sentence of the statutory language quoted above. The insurance company argues that she is limited to the $25,000 minimum figure also referred to in the statute. Ross also argues that in the alternative, the court should look to the policy to imply coverage of either $50,000 or $100,000, based on the minimum underinsured coverage either available or required by United in its informational form.

We have not yet addressed this issue so we have looked to other jurisdictions for some guidance on the amount of coverage allowed when coverage is implied by operation of law. We found three jurisdictions that have addressed the issue, and all of them have held the insured was limited to the amount referred to in the underinsured coverage statute. *See Jablonski* v. *Mutual Serv. Cas. Ins. Co.*, 408 N.W.2d 854 (Minn. 1987); *Insurance Co. of N. Amer.* v. *Santa Cruz*, 800 P.2d 585 (Ariz. 1990); *Riffle* v. *State Farm Mut. Auto. Ins. Co.*, 410 S.E. 413 (W. Va. 1991).

The reasoning is that the insurer is not required to offer anything more than the limits listed in the statute, and to do otherwise would be to "force upon the insurance company something that is not present in the statute." *Jablonski* v. *Mutual Serv. Cas.*

*Ins. Co., supra.* We find that reasoning sound and adopt that approach in this state. The statutory language relied on by Ross sets forth the general purpose of the coverage, not the amount. Our statute clearly mandates that a minimum of $25,000 underinsured coverage be offered and not an amount equal to the liability insurance purchased by the insured.

■  Therefore, we hold that, when underinsurance is implied by law under § 23-89-209, the insured will be limited to the minimum amount referred to in the statute of $25,000.

## STACKING OF INSURANCE COVERAGE

In addition to the vehicle involved in the accident, Ross had three other vehicles insured under the same policy with United. She argues she should be able to "stack" those coverages toward the ultimate amount of damages she suffered. That is, because coverage will be implied by operation of law for the vehicle involved in the accident, *Shelter Mutual Insurance Company* v. *Irwin, supra*, we should also find underinsured coverage by operation of law on her other three cars in the alternate amounts of $25,000, $50,000 or $100,000.

United argues that before deciding whether to stack coverage, we must decide in the first instance if there is a basis for stacking the coverages and argues that none exists in either the policy or in the statute. We do not agree.

We have already recognized the propriety of stacking insurance coverages in *Farm Bureau Mutual Insurance Company* v. *Barnhill*, 284 Ark. 219, 681 S.W.2d 341 (1984). In that case we did not discuss the basis for stacking but focused on and found that the anti-stacking clause in the policy was not applicable to the particular case and that stacking was therefore appropriate.

We have also recognized that underinsured coverage will be implied by law where the insurance company has failed to offer it to the insured. *See, Shelter* v. *Irwin, supra.* There is no language in the underinsured statute requiring that result, but *Irwin* was based on our recognition of public policy. We found the legislature had indicated the "significant" and "vital" nature of the coverage and that coverage would be implied when the mandated offer had not been made. We noted this was also the rule in many jurisdictions. We subsequently followed *Irwin* in *Shelter Mutual*

*Ins.* v. *Bough, supra,* and *American Casualty Co.* v. *Mason,* 312 Ark. 166, 848 S.W.2d 392 (1993). We have not yet addressed the question of stacking where coverage is implied by law.

There is scant authority on this point and we have found only two jurisdictions that have considered the issue of stacking coverages implied by law and in both cases, stacking was allowed. *See Holiman* v. *All Nation Ins. Co.,* 288 N.W.2d 244 (Minn. 1980); *Riffle* v. *State Farm Mutual Auto Ins. Co.,* 410 S.W.2d 413 (W.Va. 1991). In neither of these jurisdictions did the statutes requiring that coverage be offered, authorize or even mention stacking, but the courts found stacking permissible on the basis of those statutes.

In *Holiman,* the court allowed stacking on the basis that Minnesota law required coverage for each vehicle and that each vehicle contain, or be offered such coverage. In *Riffle,* the court did not directly address the basis for the stacking, but found, based on the language of the underinsured statute, that while stacking of several cars under one policy was not allowed, the policies themselves could be stacked.

While we have not found any treatises discussing this issue, the relevant question of the limits of that liability is addressed in 3 Alan Widiss, *Uninsured and Underinsured Motorist Insurance* §32.7 (2d 1992), and is in keeping with the Minnesota and West Virginia cases. It is stated there as the general rule:

> When underinsured motorist insurance coverage is imposed by operation of law because an insurance company failed to comply with a legislative mandate, questions sometimes arise about the coverage limits for the insurance. Typically, legislation mandates that when an insurer fails to prove an effective offer, *the insurer must provide the minimum coverage required to be offered to the purchaser under the statute.* (Emphasis added.)

If we look at the minimum insurance required to be offered by our statute, § 23-89-209, we find there is a basis on which stacking is authorized. The relevant portion of that statute provides:

> (a) Every insurer writing automobile liability insurance covering liability *arising out of the ownership, mainte-*

*nance, or use of any motor vehicles in this state,* shall provide underinsured motorist coverage unless rejected in writing by a named insured. (Emphasis added.)

We find the language suggests coverage is required to be offered for *every* vehicle. While we also note the presence of some ambiguity, that only strengthens our interpretation in favor of the insured. Statutes regulating the insurance industry are generally construed, as are insurance policies, against the insurance company. *See* 3A Norman J. Singer, *Sutherland Statutory Construction,* § 70.05 (5th Ed. 1992 ). It is there stated:

> In keeping with the judicial policy of construing insurance policies in favor of the insured, legislation enacted for his protection has also usually been liberally construed in favor of the public and the insured . . . .

> The law looks with disfavor upon the forfeiture of the rights of the insured, and so statutes protecting and extending those rights are treated with liberality.

That we will construe such statutes favorably and liberally for the insured is underscored in this case because the statute, in effect, has become part of the policy by operation of law.

Because we find the statute requires the insurance company to offer as a minimum, underinsured coverage for each car, we further conclude that when an insured has more than one car covered with the insurance company, the insured may stack the minimum coverages that should have been offered.

Although United asserts it had an anti-stacking clause in the policy, we note the clause was limited to prohibiting the stacking of *policies,* and not the stacking of *cars* within the policy. As we have always done with contracts of insurance, we construe this clause most strongly against the insurer, and find the anti-stacking clause inapplicable. *See Home Indemnity Co.* v. *City of Marianna,* 297 Ark. 268, 761 S.W.2d 171 (1987).

When finding insurance by operation of law, we do not speculate as to whether or not the insured would have accepted the offer, but simply find coverage as a matter of law. *See Irwin, supra;* and *Kuchenmiester* v. *Illinois Farmers Ins. Co.,* 310 N.W.2d 86 (Minn. 1981), where it was held the insured is not required

to prove he or she would have accepted the insurance in order to have it implied by law. The court said:

> Not only would that determination be too speculative, it would allow insurers to circumvent the intent of the legislature.

Similarly, we will not speculate as to whether the insured would have accepted the offer for each car but find coverage for each car by operation of law. We find that the trial court should have allowed stacking of coverage of the statutory minimum, for each car that appellant had insured with the company on her policy.

Affirmed in part.

Reversed in part and remanded for proceedings consistent with this opinion.

HOLT, C.J., and NEWBERN, J., not participating.

Special Justices ANNE A. PARKER and TIMOTHY W. GROOMS join in this opinion.

BROWN, J., concurs in part and dissents in part.

GLAZE, J., dissents as to part one.

ROBERT L. BROWN, Justice, concurring in part, dissenting in part. I concur with the amount of the implied coverage on the automobile involved ($25,000), but I disagree with the court's decision on stacking. Carolyn Ross had one policy covering four automobiles. Only one of those automobiles was involved in the accident. USAA failed to offer her underinsured coverage. As a result, we must decide USAA's liability under the operative statute, Ark. Code Ann. § 23-89-209 (Repl. 1992).

Section 23-89-209 is silent on the issue of stacking. It does not deal with it one way or the other. Hence, it cannot be ambiguous on the matter, as the majority concludes. The mere fact that the statute directs that underinsured coverage be offered for each motor vehicle owned by an insured does not translate into stacked coverage when only one of the vehicles is involved in the wreck.

As the majority opinion admits, one case cited by Ross, *Rif-*

*fle* v. *State Farm Mut. Auto. Ins. Co.,* 410 S.E.2d 413 (W. Va. 1991), is concerned with stacking separate policies which covered one vehicle. That is an entirely different fact situation. The only authority for doing what the majority seeks to do in this case is a Minnesota case, *Holman* v. *All Nation Ins. Co.,* 288 N.W.2d 244 (Minn. 1980).

The policy justification for stacking coverages of several vehicles under one insurance contract involving several cars may have merit. One justification may be that minimum coverage on one vehicle is not a sufficient penalty for failure to offer underinsured coverage. The General Assembly might well want to address this. But today the majority implies a penalty by stacking coverages on vehicles not involved in the accident without a statutory premise for doing so. I cannot go that far, and for that reason I respectfully dissent.