Anita June CHAMBERLIN *v.* STATE FARM MUTUAL AUTOMOBILE INSURANCE COMPANY

99-191                                              36 S.W.3d 281

Supreme Court of Arkansas
Opinion delivered January 25, 2001
[Petition for rehearing denied March 1, 2001.* ]

---

*Duncan & Rainwater, P.A.*, by: *Neil Chamberlin* and *J. Stephen Holt*, for appellant.

*Laser, Wilson, Bufford & Watts, P.A.*, by: *Kevin Staten* and *Brian A. Brown*, for appellee.

W.H. "DUB" ARNOLD, Chief Justice. Appellant, Anita June Chamberlin, urges us to overrule precedent, particularly our holding in *Clampit v. State Farm Mut. Auto. Ins. Co.*, 309 Ark. 107, 828 S.W.2d 593 (1992), that upheld an insurance policy's underinsured–motorist–coverage exclusion as not violative of state public policy or the uninsured–motorist statute where the owned–but–not–insured exclusion was clear and unambiguous. We granted appellant's motion to certify the appeal to this court, and our jurisdiction is authorized pursuant to Ark. R. Sup. Ct. 1-2(d) and 1-2(b)(2), (4), (5), and (6) (2000). Specifically, Chamberlin asks that we (1) disregard unambiguous anti-stacking clauses in three motor-vehicle insurance policies sold to her husband by appellee State Farm Automobile Insurance Company, and (2) permit her to

"stack" the underinsured coverage under those policies for which three separate underinsured premiums were paid.

*Background*

The facts are undisputed. Chamberlin was injured in a two-car head-on collision. At the time of the accident, appellant was a passenger in her husband's car, a 1988 Chrysler New Yorker insured by appellee. Appellant and her husband sued the driver at fault for negligence. Ultimately, the matter was settled because the driver's insurance company paid the insured's liability-coverage limits. Chamberlin then sought reimbursement from State Farm. Mr. Chamberlin had purchased three separate insurance policies from State Farm for three vehicles owned by the Chamberlin's at the time of the accident. Each policy included underinsured-motorist coverage. However, each policy contained an anti-stacking clause stating:

THERE IS NO COVERAGE:

1.  For Bodily Injury to an Insured:

    a: While occupying a motor vehicle owned by you, your spouse or any relative if it is not insured for this coverage *under this policy*; or

    b. Through being struck by a motor vehicle owned by you, your spouse or any relative.

(Emphasis added.)

State Farm paid Chamberlin the limits of underinsured coverage under the policy issued on the 1988 Chrysler but denied her claims for payment under the remaining policies on the two cars insured by State Farm but not occupied at the time of the accident. State Farm refused to pay on the owned-but-not-insured cars because it claimed that the policy exclusion clearly prohibited stacking. Notably, appellant concedes on appeal that the exclusionary language in the policy is unambiguous.

Chamberlin filed suit in the Pulaski County Circuit Court seeking to be made whole, in part, to the extent that State Farm would be required to pay her the limits of underinsured coverage under the other two policies. State Farm moved for summary judgment. In light of Arkansas case law holding that an insurance

carrier may prohibit the stacking of medical-payment coverages under multiple insurance policies, consistent with the language of the no-fault act, and the fact that State Farm's exclusion was clear and unambiguous, the trial court granted appellee's motion for summary judgment. The instant appeal ensued.

Appellant argues that the trial court's order granting summary judgment should be reversed because our holding in *Ross v. United Servs. Auto Ass'n.*, 320 Ark. 604, 899 S.W.2d 53 (1995), may be extended to permit stacking of underinsured-motorist coverage in the case at bar. Appellant also asks us to overturn our decision in *Clampit*, which would otherwise prohibit stacking. After considering appellant's arguments and the applicable controlling authority, we decline to reverse the trial court.

## I. Standard of review

Appellant's sole point on appeal challenges the trial court's order granting State Farm summary judgment. In reviewing summary-judgment cases, we need only decide if the trial court's grant of summary judgment was appropriate based on whether the evidence presented by the moving party, State Farm, left a material question of fact unanswered. Notably, the moving party always bears the burden of sustaining a motion for summary judgment. All proof must be viewed in the light most favorable to the resisting party, and any doubts must be resolved against the moving party. However, the moving party is entitled to summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. Ark. R. Civ. P. 56 (2000); *Robert D. Holloway, Inc. v. Pine Ridge Add'n Resid. Prop. Owners*, 332 Ark. 450, 453, 966 S.W.2d 241, 243 (1998) (citing *McCutchen v. Huckabee*, 328 Ark. 202, 943 S.W.2d 225 (1997)).

Once the moving party makes a *prima facie* showing that it is entitled to summary judgment, the opponent must meet proof with proof by showing a material issue of fact. *Dillard v. Resolution Trust Corp.*, 308 Ark. 357, 359, 824 S.W.2d 387, 388 (1992). If a moving party fails to offer proof on a controverted issue, summary judgment is not appropriate, regardless of whether the nonmoving party presents the court with any countervailing evidence. *Collyard v. American Home Ins. Co.*, 271 Ark. 228, 230, 607 S.W.2d 666, 668 (1980). Here, the parties agree that there are no disputed facts.

Accordingly, our review must focus on the trial court's application of the law to those undisputed facts.

## II. Stacking of underinsured-motorist coverage

Turning our attention to the applicable law, we first acknowledge appellant's concession that she cannot recover underinsured-motorist coverage from State Farm on the two owned-but-not-insured vehicles under our current case law. Significantly, we considered the precise issue raised here in *Clampit v. State Farm Mutual Auto. Ins. Co.*, 309 Ark. 107, 828 S.W.2d 593 (1992). Of course, in *Clampit*, we rejected the same arguments now advanced by appellant. Nevertheless, appellant disagrees with the trial court's reliance on our case law and urges us to abandon our position in *Clampit*.

■ Appellant also invites us to extend our holding in *Ross*, a recent case where we allowed stacking of underinsured coverages. However, we permitted the stacking under specific facts unique to *Ross*. In *Ross*, coverage was imposed by operation of law because the insurance company failed to comply with a legislative mandate requiring that underinsured-motorist coverage be offered and, if declined, rejected in writing. *Ross*, 320 Ark. at 609-10, 899 S.W.2d at 56 (quoting 3 Alan Widiss, *Uninsured and Underinsured Motorist Insurance* § 32.7 (2d 1992)). Unlike the instant case, the insurance-policy language at issue in *Ross* prohibited the stacking of policies but not the stacking of cars within a single policy. *Ross*, 320 Ark. at 610, 899 S.W.2d at 56. *Ross* is distinguishable. Accordingly, we decline to extend its holding to the facts presented in this appeal.

■ In any event, Chamberlin contends that our holding in *Clampit* reflects a minority-jurisdiction position. In response, State Farm insists that our case law is controlling precedent and that the instant facts, including an unambiguous insurance-policy exclusion, do not warrant a break from such precedent. We agree. Under the doctrine of *stare decisis*, we are bound to follow prior case law. The policy of *stare decisis* is designed to lend predictability and stability to the law. *State of Arkansas Office of Child Support Enforcement v. Mitchell*, 330 Ark. 338, 343, 954 S.W.2d 907, 909 (1997) (citing *Parish v. Pitts*, 244 Ark. 1239, 1252, 429 S.W.2d 45, 52 (1968) (superseded by statute on other grounds)). It is well-settled that "[p]recedent governs until it gives a result so patently wrong, so manifestly unjust, that a break becomes unavoidable." *Mitchell*, 330 Ark. at

343, 954 S.W.2d at 909 (quoting *Parish*, 244 Ark. at 1252). Our test is whether adherence to the rule would result in "great injury or injustice." *Mitchell*, 330 Ark. at 343, 954 S.W.2d at 909 (quoting *Independence Fed. Bank v. Webber*, 302 Ark. 324, 331, 789 S.W.2d 725, 730 (1990)). We find that the case at bar does not warrant a break from precedent.

■ Moreover, contrary to appellant's assertion, Arkansas public policy does not favor stacking. In *Clampit*, we explained the public-policy rationale supporting our decision. For example, if an insurer is required to insure against a risk of an undesignated but owned vehicle, it is required to insure against risks that it is unaware of and unable to charge a premium for. *Clampit*, 309 Ark. at 109, 828 S.W.2d at 594-95. Of course, if more coverage is desired, an insured remains free to supplement coverage in an existing policy by paying additional premiums calculated to insure against the increasing covered risks.

■ Given that the rights at issue are governed by statute and not common law, we also heed legislative intent. *Compare Shannon v. Wilson*, 329 Ark. 143, 947 S.W.2d 349 (1997) (explaining that the field of common law is not primarily the legislature's province but the court's and that the court is free to amend the common law and not bound to adhere to outmoded holdings pending legislative action). Although aware of our judicial decisions, including *Clampit*, the legislature has not amended the governing statutes to permit stacking. In fact, as appellee notes, the General Assembly's silence over "a long period gives rise to an arguable inference of acquiescence or passive approval" to the court's construction of the statute. *Chapman v. Alexander*, 307 Ark. 87, 90, 817 S.W.2d 425, 427 (1991).

■ Appellant's reliance on authority from other jurisdictions is equally unpersuasive. Not only is the cited case law not controlling on this court but, in many cases, it is clearly distinguishable. Other states' decisions turned upon specific language in the state's statute authorizing stacking or an expressed legislative intent favoring stacking. In any event, we addressed the issue of foreign authority directly in *Clampit* and commented that "sheer numbers of decisions of other jurisdictions one way or the other on any given question are of course not controlling on this Court." *Clampit*, 309 Ark. at 111, 828 S.W.2d at 595-96.

▮ Here, State Farm priced its premiums based on single-car coverage, and appellant's policy was limited by an accepted, clear exclusion. Consequently, State Farm asserts that its unambiguous policy should not be construed to provide coverage for a plainly-excluded risk, for which no premium was paid. *See, e.g., Baskette v. Union Life Ins. Co.*, 9 Ark. App. 34, 652 S.W.2d 635 (1983). Indeed, we have held that parties are free to contract on terms, and so long as the policy language is clear and not violative of the state law, we shall enforce the agreement as written. *See Pardon v. Southern Farm Bureau Casualty Ins. Co.*, 315 Ark. 537, 868 S.W.2d 468 (1994).

▮ In *Youngman v. State Farm Mut. Auto. Ins. Co.*, 334 Ark. 73, 971 S.W.2d 248 (1998), we discussed a simple rule for analyzing almost any stacking problem: "Read the Statute and Read the Policy!" *Youngman*, 334 Ark. at 79, 971 S.W.2d at 251 (citing *State Farm Mut. Auto. Ins. Co. v. Beavers*, 321 Ark. 292, 901 S.W.2d 13 (1995) (quoting Douglass and Telegadis, *Stacking of Uninsured and Underinsured Motor Vehicle Coverages*, 24 U. RICH. L. REV. 87 (Fall 1989)). Applying the same principle here, we cannot say that the trial court erred by concluding that State Farm's unambiguous owned-but-not-insured exclusion was valid.

▮ Based upon the controlling authority of *Clampit*, the inapplicability of *Ross*, and the absence of any legislative intent enabling stacking, there are no grounds justifying reversal of the trial court's grant of summary judgment. Further, we conclude that the instant facts do not yield a result so patently wrong and so manifestly unjust that a departure from our precedent is unavoidable. Viewing the evidence in the light most favorable to Chamberlin, resolving any doubts against State Farm, and acknowledging that there remain no genuine issues of material fact, we hold that the trial court did not err in finding that appellee was entitled to a judgment as a matter of law.

Affirmed.

Special Justices KEITH WOOD and G. WILLIAM LAVENDER, join.

GLAZE and IMBER, JJ., not participating.

CORBIN, THORNTON, and HANNAH, JJ., dissent.

RAY THORNTON, Justice, dissenting. This case presents us with an opportunity to extend our decision in *Ross v. United Servs. Auto Ass'n.*, 320 Ark. 604, 899 S.W.2d 53 (1995), where we held that underinsured motorist coverage could be stacked to allow full recovery of injuries sustained by a policy holder in circumstances where the insurance company failed to comply with a legislative mandate requiring that such coverage be offered. The majority declined to extend *Ross, supra,* and I respectfully dissent.

In 1992, the court decided *Clampit v. State Farm Mut. Auto. Ins. Co.*, 309 Ark. 107, 828 S.W.2d 593 (1992), by a 4-3 majority, holding that public policy does not require that uninsured motorist coverage must be paid by an insurance company even when another policy provides such coverage. After we decided *Ross, supra,* extending underinsured coverage to an insured when the insurance company failed to comply with applicable statutes, we revisited the issue once again in *Youngman v. State Farm Mut. Auto. Ins. Co.*, 334 Ark. 73, 971 S.W.2d 248 (1998), and decided that the anti-stacking provisions of the insurance policy were enforceable. Justice Corbin noted in a strong and well-reasoned dissent:

> [W]hen an insured purchases such coverage, he or she pays an added premium for such coverage. According to this court's decisions enforcing other-insurance clauses, however, he or she may be entitled to recover under such added coverage only in certain circumstances. In other words, the added premium is consistently being paid, but the coverage is less than consistently being provided. Should the insurers continue to benefit from receiving premium payments from their respective clients, only to deny payment of coverage to the clients where another insurer has already paid? It seems to me that, while we have gone out of our way to avoid giving a windfall to the insured, we have inadvertently provided a windfall to the insurers, by allowing them to benefit from the payment of additional premiums for uninsured-motorist coverage. Such windfall was never intended by the Uninsured Motorist Act (citation omitted).

*Id.* Justice Corbin also wrote that "the overwhelming majority of states now embrace the notion that an injured insured should be entitled to collect on multiple uninsured-motorist policies in order to fully compensate or indemnify the insured. *Id.* (citing Alan I Widiss, *Uninsured and Underinsured Motorist Insurance* § 13.6 (1990).

I agree with Justice Corbin's dissent in *Youngman, supra*, on the issue of stacking as a matter of public policy and quote further from that dissent:

> [A]nti-stacking (or other-insurance) clauses pertaining to underinsured-motorist coverage deny Arkansas policyholders their reasonable expectations of full compensation, and that such clauses accordingly violate public policy. I further believed that such clauses pertaining to uninsured-motorist coverage are equally violative of public policy, as they, too, deny policyholders their expectations of being fully compensated in the event they are injured by the actions of an uninsured motorist. *I do not believe, however, that recovery under more than one policy should actually enrich or benefit an insured beyond his or her injuries.*

*Id.* (emphasis added).

In 12A George J. Couch, *Cyclopedia of Insurance Law* § 45:628 (2d rev. ed. 1981 & Supp. 1997), the author writes, "the injured party may draw in order to compensate him for his actual loss where a single policy is not sufficient to make him whole." *Id.* In this case, appellant requests that she be made whole. Even the majority in *Clampit, supra*, concedes that the "[underinsured-motorist] coverage is designed to provide compensation to the extent of the injury, subject to the policy limit." *Id.* Stacking would enable appellant in this case to receive compensation for almost the entire extent of her injury.

In *Youngman, supra*, the majority recognizes that thirty-six states have allowed stacking of insurance coverage policies that have been actually purchased and paid by the insured. I believe it is time we joined the majority view and respectfully dissent. However, by the majority's decision today to allow prohibitions against stacking to be enforced, those adversely affected by the anti-stacking rule must look to the legislature for guidance on the underlying issue of public policy. Otherwise principles of *stare decisis* will preclude us from examining this issue again.

I respectfully dissent, and I am authorized to state that Justice CORBIN and Justice HANNAH join in this dissent.

CORBIN and HANNAH, JJ., join.